70   207;
83   235;

## POPE v. CAMPBELL.

### Opinion delivered February 15, 1902.

OVERDUE TAX SALE—ENTRY OF WARNING ORDER.—An overdue tax sale is void if the warning order on which the suit was based was entered upon the record of proceedings at law, instead of upon the record of proceedings in equity.

Appeal from Woodruff Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

Reversed.

### STATEMENT BY THE COURT.

Appellants brought an action in equity praying for the cancellation of deeds founded upon a purchase of lands at overdue tax sale; contending that the tax sale was void, and that the court that made the decree for the sale of the lands for overdue taxes had no jurisdiction, because the warning order required by the statute to be entered upon the record of the chancery court was not entered upon the record of that court, but, instead, was entered on the record of the circuit court. At the time of the rendition of the decree in the overdue tax suit the circuit court had both law and chancery jurisdiction (in 1883). It kept separate records, as required by law (Sand. & H. Dig., § 1293), for chancery and law proceedings. The order was made by the clerk, and entered on the record for proceedings at law. This evidence appears in the record.

A written and signed statement of C. B. Mills, deputy clerk of Woodruff county (which statement was admitted in evidence by consent of parties), to the effect that from the year 1865 to the present time there has been kept by the clerks of the circuit court in Woodruff county separate records in which the proceedings at law and the proceedings in equity have been kept; that chancery record "A," introduced in this cause, is the only record of equity

proceedings kept in Woodruff county from 1865 to August 25, 1883, and that chancery record "B," introduced in evidence, is the only record of equity proceedings kept by the clerk of Woodruff county from August 25, 1883, to the present time; that the order warning landowners to appear, as provided by section 2 of the Acts of 1881, in the cause of the "State on Relation of V. H. Henderson *v.* Certain Lands," which proceeding was known as the "Overdue Tax Proceeding of Woodruff County," was never entered in either of these records of proceedings in equity. All the records of the proceedings in such overdue tax suit are entered upon these two chancery records, except the warning order mentioned above, and the *pro confesso* decree entered by the clerk in vacation. The record marked "Minutes B, Circuit Court," introduced by defendant, is the separate record of proceedings at law kept by the clerk of the circuit court exclusively for the record of such proceedings. The warning order and *pro confesso* decree in the overdue tax case of 1883, above mentioned, is entered in this record "Minutes B, Circuit Court."

The court dismissed the bill for want of equity.

*H. F. Roleson,* for appellants.

The statute (Acts 1881, p. 63,) requires the complaint to be filed in equity, and the order to be entered on the record of the chancery court. Courts of law and equity are distinct as to jurisdiction and as to their records. Sand. & H. Dig., §§ 1115, 1293; 43 Ark. 412, 413. The order being designed as notice to the taxpayer, the statute regulating the place of its entry of record is mandatory, and must be strictly followed. *Cf.* Mansf. Dig. § 5763 (Sand. & H. Dig., § 6606) in connection with 68 Ark. 248; 55 Ark. 218; 61 Ark. 36; 140 U. S. 634; 34 Fed. 701. See, also, Blackwell, Tax Tit. 284, § 224; 45 N. W. 1098; 31 N. W. 692; 2 N. W. 693; 6 Wheat. 119.

*J. T. Patterson,* for appellees.

On collateral attack, the jurisdiction to hear and determine a cause may be called into question, but not errors in the exercise of a jurisdiction which has not attached. Waples, Proc. in Rem. § 85; Freeman, Judg. § 126; 66 Ark. 6. The statute designating the proper record for the order was directory, merely. 8 Fed. 212; Cooley, Const. Lim. § 74; *id.* pp. 74, 77; 1 Burr. 447; 21 Pick. 175; 30 Ark. 37; 14 Barb. 290; 5 Mich. 154; 34 Ark. 493.

HUGHES, J. (after stating the facts). The only question for the consideration of the court is whether the warning order in the overdue tax proceeding was entered of record as required by the act of 1881, p. 63. The act provides:

Section 1. "That hereafter any citizen of this state, who shall give security for costs, may file a complaint in equity in the name of the state, in the court having equity jurisdiction," etc.

Section 2. "On the filing of such complaint the clerk of the court shall enter on the record an order, which may be in the following form," etc.

"Circuits courts shall have exclusive jurisdiction   *   *   * as courts of equity." Sand. & H. Dig., § 1115.

"The records of proceedings at law shall be in books separate and distinct from the records and proceedings in equity." Sand. & H. Dig., § 1293.

That the act contemplated that the warning order should be placed on the chancery record is too plain for contention. The suit shall be in equity. The records of its progress must be kept on the equity record, in books separate and distinct from the records of cases at law. If this requirement of the statute is designed to serve any purpose, then it is mandatory. In *Gregory* v. *Bartlett,* 55 Ark. 34, this court said, in speaking of the notice required by this act: "When this requirement of the statute is complied with, it furnishes to the owner of delinquent lands a means of information which the statute designed he should receive. Searching the records and finding no order for proceeding against his land, he had a right to presume none existed. There is nothing in the statute to indicate that the legislature considered the entry of the order upon the record as of any less significance than the publication of it.   *   *   *   The statute does not authorize the clerk to make the order in any manner other than by entry on the record, and authorizes publication of nothing except a copy of the record. To say that the clerk can dispense with the record and make his entry in the first instance in a newspaper would be to disregard a plain provision of the statute, and dispense with one of the means the law affords for imparting information to the landowner. But when a statutory provision is plain, and is made to aid in the accomplishment of a useful end, it cannot be treated as merely directory, and so be disregarded." It is true that in this

case of *Gregory* v. *Bartlett* there was no order made, as far as the record showed. Nevertheless it bears on this case.

The judgment is reversed, and the cause is remanded, with directions to enter a decree for appellants.

BUNN, C. J., (dissenting). The point in this case is materially different from that decided in *Gregory* v. *Bartlett,* 55 Ark. 30, for there there was a total failure to enter upon the record of the chancery court, or any record of any court, the preliminary or foundation order upon which the constructive summons or notice should be based, and therefore the proceedings afterwards were held to be void. In the case at bar, the order was made by the clerk, but inadvertently it was entered in the book containing the law proceedings of the circuit court; the same judge having jurisdiction of both law and chancery, and the same clerk acting in both in keeping the minutes and record. In other words, it was a mere misprision of the clerk, by which the order was entered in the wrong record book; both being under his control. The object of the order is not to give notice to parties litigant of the pendency of the suit against them and their lands, for that notice is a publication, according to the statute, of a copy of the order made by the clerk, and it follows, therefore, that the entering of the order on the record is for a justification of the clerk in publishing a copy of the same. No litigant could possibly suffer injury by such a misprision. If the publication of a copy of the order called his attention to the suit, and he wished to inquire into its regularity, he almost necessarily would call upon the clerk for the record information.

This transaction was many years ago, and the same defect, if jurisdictional defect it is, as held by the decision of the court, doubtless extended to all the lands in the county involved in the overdue tax proceeding. The injury would therefore be far-reaching and greatly extended in its scope. I do not think a mere misprision of the clerk as to a matter not prejudicial to litigants should be allowed to work such a widespread calamity.