## FOOHS *v.* BILBY.

### Opinion delivered June 17, 1907.

OVERDUE TAX SALE—DEFECTIVE WARNING ORDER.—An overdue tax sale of a tract of land is void if the warning order upon which the suit was based failed to describe such land as one of the tracts proceeded against.

Appeal from Arkansas Circuit Court; *George M. Chapline,* Judge; reversed.

*H. A. Parker* and *W. N. Carpenter,* for appellant.

The court erred in excluding the chancery court record containing the record of the warning order in the overdue tax case, which shows that the lands involved in this action were not embraced in the warning order.   The lands not being therein described, all subsequent proceedings as against them were void. 55 Ark. 30; 70 Ark. 207.

*John F. Park,* for appellee.

Whether the land was described in the warning order or not is immaterial.   Appellant having paid taxes on the land for more than seven years in succession under color of title, and

the land being unimproved and uninclosed, his title was thereby perfected. 74 Ark. 302.

McCULLOCH, J.    John S. Bilby instituted this action against John Foohs to recover a lot of staves made of timber cut from land alleged to be owned by the plaintiff.    The defendant denied that plaintiff was the owner of the land or timber, and upon this issue the jury found in favor of the plaintiff.·

The plaintiff claimed title to the land under a sale by a commissioner of the chancery court in 1883 pursuant to a decree of that court enforcing the payment of overdue taxes; and introduced in evidence the deed of the commissioner to ·his (plaintiff's) immediate grantor.

Defendant offered in evidence the record of the chancery court in the overdue tax proceeding showing that the tract. of land in question was not embraced in the warning order entered on the record by the clerk,· but the court refused to permit it to be introduced.    This was error.

This court held in *Gregory* v. *Bartlett,* 55 Ark. 30, that the failure of the clerk to enter upon the record of the court the warning order describing the lands proceeded against, as required by the statute, was fatal to the jurisdiction of the court, and rendered the proceedings and sale thereunder void.    In *Pope* v. *Campbell,* 70 Ark. 207, it was held that the entry of the warning order upon the record of proceedings at law, instead· of the chancery record, was also fatal to the jurisdiction and rendered the proceedings void.    It being established by these decisions that the entry of the warning order describing the lands upon the proper record is jurisdictional, it follows that the failure to embrace in such entry a description of a particular tract renders the subsequent proceedings against that tract and the sale thereof void.

The plaintiff also attempted to establish his title to the land by proving that he had paid taxes thereon, under color of title, for more than seven years in succession, and that the land was unimproved and uninclosed, so as to give title by limitation. Kirby's Digest, ·§ § 505-7.    The testimony was conflicting as to whether or not the land was unimproved and uninclosed, and we can not determine what the finding of the jury was upon that issue as the verdict was a general one in favor of the plain-

tiff, and the instructions of the court permitted the jury to find in favor of the plaintiff's claim of title under the overdue tax sale. For aught we know, the jury may have reached a conclusion in favor of the defendant on the issue as to plaintiff's claim of title by adverse possession by reason of having paid taxes on unimproved and uninclosed lands, and may have based their verdict upon his unchallenged title under the overdue tax decree.

The error of the court in refusing to allow the defendant to attack the validity of the overdue tax proceedings by introducing the record of the warning order was prejudicial and calls for a reversal.

Other assignments of error need not be considered.

Reversed and remanded for a new trial.