AMOS J. FOY *vs.* FREDERICK W. FOY.

A bill of review can only be maintained for errors apparent on the face of the pleadings and decree, or for new matter discovered since the date of the decree, which the party could not make use of on the trial, or on a petition for a rehearing.

A petition for rehearing cannot be filed after the enrolment of the decree, in
. England; but by a rule of court in this State, such a petition must be filed within five days after the decree or judgment is pronounced.

It is no excuse, to justify the granting of a petition for a rehearing, that the solicitor did not know the post-office of his client to enable them to communicate with each other.

Nor is the ill health of a party any excuse for the granting of such an application.

ON appeal from the northern district chancery court at Carrollton; Hon. Henry Dickinson, vice-chancellor.

The appellant, on the 16th of June, 1850, filed his bill, stating in substance: that Frederick W. Foy, on the 28th of August, 1849, had exhibited in the district chancery court his bill against Amos J. Foy, on the following case, namely; that said F. W. Foy was a minor, and owned a negro slave which his father sold to said Amos Foy, and for the purchase-money took a note or writing obligatory for the sum of $850, due and payable to said Frederick Foy when he became of age.

That he became of age on the 20th of June, 1849, at which time said writing became due; that it had remained in the possession of John R. Foy until his death, which occurred in 1843; that Amos obtained possession of said note fraudulently from the papers of said John R. Foy, and concealed or destroyed it; that said Amos J. Foy, on the 8th of October, 1849, filed in said court his answer to said bill of F. W. Foy, denying all the said allegations; that on the 11th of March, 1850 said F. W. Foy took the deposition of John W. Foy and F. Helton, at Carrollton, and on the 18th of March took the deposition of E. A. Atkinson, in the county of Lowndes, to be used on the hearing of said cause; that he had no notice of the

time and place of taking said depositions, and no opportunity to cross-examine in person.

That one of said witnesses swore, that John R. Foy, in his lifetime, sold said Amos a negro slave for $850, for which he gave his obligation payable when said F. W. Foy should reach the age of majority. And another swore, that Amos broke open the desk of the late John R. Foy, and took away certain papers.

That at the April term, 1850, of the district chancery court, the said case of F. W. Foy against Amos Foy was set down for final hearing, and a final decree therein rendered against said Amos for the sum due on said writing, from which decree *fieri facias* issued, and was about to be levied.

The bill then states, that complainant was taken by surprise by the nature of the proof, and by the hasty adjudication of the case, without an opportunity to prove the falsity of said evidence. One reason why he made no proof, was the ignorance of his attorney of the post-office of said complainant; that his solicitor made inquiry to learn his post-office, when he desired to inform him of the proof taken, but failed to ascertain it.

He then states, that his post-office is twelve miles from his residence; that he lives in a retired section of country, and in all probability would not have received a letter if one had been sent, having, for some months previous, been in extreme ill health that confined him to his home, and was then unable to travel a short distance without great pain; that from his ill health he was not able to see his counsel, or to take the necessary steps to prepare his defence, by putting them in possession of such facts as would have enabled them, on cross-examination, to have exposed the falsity of the testimony of the witnesses.

That all the evidence taken by complainant was false, and that he can prove it if a rehearing is granted; that all the allegations of his answer are true, and that he can prove them by a cloud of witnesses.

That ill health, after his answer was filed, prevented him from putting his solicitor in possession of all the facts having

Foy v. Foy.

an important bearing on the cause; and owing to the late period when the depositions were taken, and his ignorance of the taking said proof, that so far as he was concerned, it was equivalent to an *ex parte* examination, as the cross-examination that would have followed, if he had been present, would have exposed the falsity of the depositions.

The prayer is for an injunction, and on final hearing asks that a rehearing be granted in said cause, or a new trial, or such relief as in equity he may obtain.

The defendant, F. W. Foy, filed his demurrer to the bill, and showed the following causes : —

1st. That the decree is final and enrolled, and cannot be opened on petition for rehearing.

2d. That the bill shows no ground on which this court could vacate or set aside a decree heretofore rendered, and for other causes apparent on the pleadings.

On argument, the demurrer was sustained and the bill dismissed, and complainant appealed to this court.

*Acee*, for plaintiff in error.

The bill was filed in the court below in due time after the decree was signed by the vice-chancellor. By statute the chancellor is required every morning to sign the minutes of the court of the preceding day, but this does not constitute the enrolments of decrees, for the same statute requires the clerks of the superior and inferior courts to record in a proper book all papers connected with every case decided in court, within three months after its decision. How & Hutch. Code, 762, § 54.

I think the weight of decisions would justify this court in sustaining the bill filed in the court below, as the following cases would show. *Kemp* v. *Squire*, 1 Ves. Jr. 205 ; *Erwin* v. *Vint*, 6 Munf. 267.

The doctrine is further recognized in our own State in the case of *Speight* v. *Adams*, 1 Freem. Ch. R. 318, &c.

This case comes within the principle recognized in the case of *Ford* v. *Ford*, Walk. 505 ; 3 Munroe, 113.

The decree is not considered as enrolled, until it has been

18*

done in a formal manner by the clerk of the court. The sign-ing the minutes of the court by the chancellor, as required by the statute, is not considered enrolling the decree, in the legal acceptation of the term.

*Sheppard*, for appellee.

The bill contains no charge affecting F. W. Foy with fraud in obtaining the decree; there is no pretence of error on the face of the decree, nor is there any allegation showing dis-covery of new matter since the decree was entered.

On the case attempted to be made, the proper remedy would have been by petition for rehearing; but if regarded in this light, it would not be sustained, for such petition would not be allowed after the term when the decree was entered. A petition for rehearing cannot be filed after the decree is enrolled. *Haywood* v. *Marsh et al.*, 6 Yerg. 69; *Bramlet's Heirs* v. *Pick-ett's Heirs*, 2 A. K. Marsh. 10, 475; 3 Daniel's Chan. Plead. & Prac. 1620.

By our course of practice a decree is deemed enrolled at the term when it was made and passed. *Whiting* v. *Bank of United States*, 13 Pet. 13; *Burch* v. *Scott*, 1 Gill & Johns. 398.

In cases of extreme hardship and injustice, and when the final decree has been taken by default, and without laches on part of person seeking relief, the courts in England granted relief by vacating the enrolment, and then allowing the peti-tion for rehearing.

This was the doctrine of the case of *Kemp* v. *Squire*, 1 Ves. sen. 205. This case, and *Robson* v. *Cranwell*, and *Benson* v. *Ver-non*, cited as precedents, were all cases of final decrees taken by default, without a hearing on the merits. *Erwin* v. *Vint*, 6 Munf. 267, was a final decree by default, and on this ground relief was granted. If the merits of the case have been gone into at the hearing, the enrolment will not be vacated. *Char-man* v. *Charman*, 16 Ves. 114.

But on the allegations of the bill in this case, a rehearing would not have been allowed if the application had been made at the proper time, according to the rule of the court.

The statement is, that all the witnesses on whose testimony

the decree was made swore falsely, and that he could produce testimony to sustain the allegations of his answer. The excuse offered for not producing this proof, is the ill health of complainant. The excuse is frivolous; and it is manifest. if any injustice has been done, it is the result of the inattention and laches of complainant.

By the provisions of our statute he must not only show, that injustice has been done, but that it was caused by circumstances which proper diligence and caution could not have avoided.

The excuse of ill health for not taking proof, comes with bad grace when applied to a case in chancery where six months were allowed for this purpose, when the personal attention of the party is not indispensable for such purpose, but it can well be done by his attorney or by special agent.

The other ground, that he had not an opportunity in person to cross-examine the witnesses, is equally frivolous. Notice was served on his counsel; they subjected the witnesses to the most thorough cross-examination, and it is not shown on what distinct ground any advantage could have been obtained by further cross-examination. The cross-examination made by his counsel, was directed to every point which could, in any way, have explained the facts brought out by the direct examination.

The whole case shows he was allowed to proceed to examine his witnesses immediately after filing his answer, and commissions for taking proof were kept open until the hearing. Hutch. Code, 770.

It is not the province of courts of justice to relieve a party from the consequences of his own neglect.

Mr. Justice YERGER delivered the opinion of the court.

On the 18th of June, 1850, the appellant filed a bill for the purpose of opening a final decree, rendered at the April term of that court, and for a rehearing of the cause. The original suit was tried upon its merits, upon bill, answer, and proof. The grounds taken for relief in the record before us are : 1st,

Foy *v.* Foy.

that the testimony on which the original decree was rendered is false; 2d, that the party had no personal notice of the time and place of taking that testimony; 3d, that his solicitor, upon whom the notice was served, was ignorant of his post-office, and on inquiry, could not find it out so as to give him the requisite information ; and 4th, that the complainant, for several months before the depositions were taken and the case was tried, had been in extreme ill health, confined to his home, and unable to travel even a short distance without pain ; and had, therefore, been unable to see his counsel, or to take the necessary steps to prepare the case for trial, by putting his counsel in possession of the facts, that would have shown the falsity of the. testimony taken by the opposite party. The vice-chancellor sustained a demurrer, and dismissed the bill.

1. This bill cannot be sustained as a bill of review or a bill in the nature of a bill of review. Bills of that character can only be maintained for error apparent on the face of the pleadings and decree, or for new matter discovered since the date of the decree, which the party could not make use of on the trial or on a petition for a rehearing. 3 Daniel, Ch. Prac. 1727; 13 Peters, 13.

2. Neither can this bill be sustained as a petition for a rehearing. Petitions for rehearing can never be filed after the enrolment of the decree. 3 Daniel, Ch. Prac. 1620. Such was the rule of practice in England. But by a rule of court in this State, the petition for rehearing must be presented within five days after the decree pronounced. Under any circumstances, it is too late to apply for a rehearing after the expiration of the term of the court. Rule 26; Freem. Ch. R. 24; 13 Peters, 13.

3. But the facts stated by the bill do not, in our opinion, entitle the party to the relief sought. On the proof before the chancellor in the original suit, the decree is admitted to be right, and the application is now made to reëxamine that case, in order to impeach the character of the witnesses, on which testimony the decree was rendered. This cannot be done. 3 Johns. Ch. R. 124

But again; notice to take the depositions in this case was served upon the solicitor of the appellant. This is all that the law required. Hutch. Code, 770, art. 12, § 2.

It is no excuse, that the solicitor did not know the party's post-office. A special messenger might have been sent if necessary, or the party should have informed his solicitor, on employing him, to what post-office his letters should be directed.

Nor will the ill health of the appellant excuse him. He might and ought to have sent an agent to see his solicitor, if not well enough to go himself. Upon all the facts stated in the bill, we are unable to pronounce, that any injury has been sustained by the appellant, which ordinary prudence and diligence would not have prevented.

Decree affirmed.