## BARTLETT *v.* GREGORY.

Opinion delivered April 27, 1895.

| 60 | 453 |
| 74 | 156 |
| 60 | 453 |
| f 84 | 214 |

*Bill of review—Newly discovered evidence—Laches.*

> A decree was rendered annulling an overdue tax sale because of the failure of the clerk to enter the warning order upon the record, as required by the statute. Subsequently, a bill of review was filed to set aside this decree upon the ground that, since the decree was rendered, it had been discovered that the warning order was properly entered upon the record, but that the clerk had negligently overlooked it in making out a transcript of the record. The proof was that the record entry of the warning order was properly indexed, and might, by proper search, have been found before the decree was rendered. *Held*, that there was laches in not discovering the evidence before the decree, and that the bill of review should be denied.

---

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

*P. C. Dooley* for appellants.

1.   A bill to review a former decree lies only for error of law apparent on the face of the decree, or for new matter which has arisen since the decree, or newly discovered evidence which could not *possibly* have been produced at the former hearing.   Story, Eq. Pl. sec. 404 ; 26 Ark. 600.   If the evidence is cumulative merely, the bill will not be allowed.   36 Ark. 540. There is no relief in courts of law to correct mistakes. of law.   12 Ark. 401 ; 13 *id.* 601.   Appellee's attorney simply made a mistake of law in supposing the *nunc pro tunc* entry was sufficient.   See 17 Ark. 50 ; 1 Pet. 15 ; 12 Pet. 32 ; 6 Cl. & Fin. 964 ; 17 Vt. 444 ; 29 Vt. 230 ; 63 Am. Dec. 440 ; Kerr on Fraud, 408 ; 40 Ga. 506. This record entry *could have been discovered by the use of ordinary care.*   Our courts use the word "possible."

2.   Nothing was done by defendants to deceive or mislead plaintiff.   The proceedings were in a high court. of record, whose proceedings are notice to the world. Freeman, Judg. sec. 198.   The court will take judicial cognizance of its own orders.   7 S. W. 691 ; Wade on Notice, 723 ; 55 Tex. 193 ; 27 Ark. 70, 73.

*U. M. Rose* and *W. E. Hemingway* for appellee.

1.   A bill of review lies to correct an erroneous de-- cree, where the error is due to a mistake of fact, which comes to the knowledge of the losing party after the trial. Story, Eq. Pl. sec. 412 ; 36 Ark. 532.   The sufficiency of the new matter is a question of law ; but the right of the party to file the bill "is a matter which addresses. itself to the sound discretion of the court."   36 Ark. 532; 100 U. S. 104 ; 45 N. W. 77, 771.   In this case the chancellor found that appellee had "not been guilty of

negligence" in failing to discover this record entry. The proof is conclusive that due care was used. The relief is afforded if the new matter could not have been discovered by reasonable diligence. 2 Beach, Mod. Eq. Prac. sec. 862; Story, Eq. Pl. 414; 47 Ark. 30; 55 Ark. 22; 3 Paige, Ch. 204. The applicant is bound to show only the use of reasonable diligence. 28 Minn. 255; 3 Johns. Ch. 124 and note; 15 Ohio, 313; 2 Wash. 411; 2 W. Bl. 955; 14 Wall. 279; 5 Rich. (S. C.) 519. A certified transcript from the clerk of a court is received as proof of the record. 1 Gr. Ev. sec. 501–7; Reliance may be put in the acts of officers. 27 Ark. 154; 28 id. 244; 43 id. 148; 34 Fed. 703. In 56 Ark. 252, this court held that the index of a case should point to every record entry. The presumption is that officers do their duty.

HUGHES, J. This is an appeal from a decree in the chancery court of Pulaski county, granting a new hearing, and to review a former decree in the case of *Gregory* v. *Bartlett*, reported in 55 Ark. 30, in which Gregory sought to recover lots 4, 5 and 6 in block 44, in the city of Little Rock, claiming to have purchased the same from the State, which claimed the title to them under a forfeiture for taxes in a condemnation proceeding under the overdue tax act of 1881. In said action the Supreme Court held that Gregory acquired no title by his purchase, for the reason that the forfeiture was void for the want of jurisdiction in the chancery court to render the decree of condemnation of the lots to be sold for overdue taxes, which lack of jurisdiction arose from the failure of the chancery court, as it appeared from the record in that case, to have the warning order, required by section two of said act, entered of record in the chancery court before the suit was commenced.

Soon after this decision of the Supreme Court, it was discovered that said warning order had been entered

of record before the suit was begun, and leave was granted, upon application, to file a bill of review, upon the ground of the discovery of the fact that the order was of record, which was not known, and by the use of due diligence could not have been known, to the appellee here, before the beginning of the original suit, by reason whereof it could not have been shown that said order existed of record in the chancery court. This was therefore a bill of review for newly discovered matter.

There was evidence tending to show in this case that the chancery court records, or, at least, the indices thereto, were in a confused and bad condition generally at the time the search was made by the counsel for the appellee to find the warning order upon the record ; but the publication of it, as certified by the clerk from the record, in the beginning of the original suit for condemnation tended to show that it was of record before the suit was commenced. W. E. Lenon, secretary of the Arkansas Abstract Company, a witness in the case, testified : "I can turn to the record, and find the warning order made in reference to the Bartlett property, without trouble. It is on page 57. I found it without difficulty. I should have to turn four pages, if I had not known where it was, when I would have found it. The abstract work I did for the company in no wise affected the records or index to this property. They are just as they were. If I had come to the chancery clerk's office to find this order, not knowing it had been made, I would have found it by an ordinary examination of the record."

I. J. Hicks, who was the clerk of the chancery court when he testified, said : "The condition of the warning order on page 57, record "R", and of the index, is the same now as when I came into office. * * There is no unusual difficulty in finding the order on page 57." J. W. Calloway, a witness, testified : "Was clerk of the

chancery court from 1876 to 1886. I am looking at an order on page 57, record "R," Pulaski County *v.* Certain Lands. The property mentioned in this order is. lots 4, 5, and 6, block 44, and another tract. I think the order is indexed properly." He then describes the method of indexing, and says : "The method used in ordinary cases was the one in ordinary use.   *   *   *   * This particular entry on page 57 can be found with as much certainty as any other entry on the records from the index, but not so readily as in some cases."

The counsel for the appellee in the original suit, a witness in this case, testified, after stating the examination he had made of the chancery court record to find the warning order, and that he had failed to find it :   "I then applied to the clerk for transcript in the overdue tax proceeding, and he furnished me a transcript, which he certified to be 'a true, correct and complete transcript of the record of proceedings and the pleadings on file in the case mentioned in the caption, as the same appears of record in my office, etc.'   *   *   *   I then brought suit in ejectment in the Pulaski circuit court for the property on behalf of Minor Gregory." He then states that the case was transferred to equity, a decree rendered in favor of defendant, which was affirmed on appeal to the Supreme Court, on the ground that the original decree was void, because the warning order had not been spread upon the records, as required by the overdue tax act. He then says : "I then abandoned all hope of the case, because, relying upon statements and certificate of the clerk, who was the custodian of the records, I had no doubt that the warning order had been omitted from the record. Some days, perhaps as much as two weeks, after the decision of the Supreme Court, Judge Martin came to me, and told me, the warning order was actually on record, and handed me a slip on which was the page where it would be

found. I went to the chancery clerk's office, found it, and procured a copy of it. This was the first intimation or suspicion that I had ever had of the warning order being spread of record. This was the first time that I had ever examined the records in an overdue tax case. Since that time I have had occasion to examine them rather frequently. I have found them to be in great confusion, and so badly indexed that it has been impossible to make much out of them." The witness further says, in substance, that he thought that the record of the warning order, before the bringing of the original suit, was of very little importance; that when he applied to the clerk of the chancery court for a certified transcript of the record in this overdue tax proceeding, he did not expect to get a record of the original warning order required by section 2 of the overdue tax act, nor of the order confirming the sale; that he got from the clerk just what he expected to get.

"The object of a bill of review, and of a bill in the nature of a bill of review, is to procure the reversal, alteration or explanation of a decree made in a former suit." 2 Daniell's Chancery Pl. p. *1575. The rules regulating these bills were first systematically arranged by Francis Bacon, when Lord High Chancellor of England; and these rules, with little modification, have been recognized unto the present time. They comprise a portion of that eminent scholar's celebrated ordinances in chancery, and, though perhaps not directly adverted to in recent adjudications, undoubtedly form the foundation of modern judicial decisions upon this subject. 20 Am. Dec. p. 160, n. One of these ordinances in relation to bills of review provides that "no decree shall be reversed, altered or explained, being once under the great seal, but upon bill of review; and no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further exam-

ination of matters of fact, or some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made ; nevertheless upon new proof that is come to light after the decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the court, and not otherwise." Spedding, Ellis & Heath's ed. of Bacon's Works, p. 351.

It is said to be strictly true that in England this requirement that the error apparent must be in the body of the decree is the rule. *Perry* v. *Phelips*, 17 Ves. 176. "But in this country the practice has never prevailed of embodying or expressing the facts in the decree" (as it has in England), "and out of this has grown a modification of the English rule, so as to accommodate the remedy as far as practicable to the change. And for such error the court may examine the bill, answer and other pleadings, and the decree, for these are all parts of the record." *Whiting* v. *Bank of U. S.* 13 Pet. 14 ; Story, Eq. Pl. sec. 407 ; *Goodhue* v. *Churchman*, 1 Barbour, Ch. 597; *Getzler* v. *Saroni*, 18 Ill. 517; *Randon* v. *Cartwright*, 3 Tex. 268 ; *Kennedy* v. *Georgia State Bank*, 8 How. U. S. 609 ; *Webb* v. *Pell*, 3 Paige, ch. 371 ; *Foy* v. *Foy*, 25 Miss. 212.

Where a bill of review is for newly discovered matter, the rule now is that the matter must be such as could not have been discovered by the use of reasonable diligence, "for, if there be any laches or negligence in this respect, that destroys the title to the relief." *Dexter* v. *Arnold*, 5 Mason, 312 ; *Young* v. *Keighly*, 16 Ves. 348 ; *Wiser* v. *Blackley*, 2 Johns. Ch. 488 ; *Carter* v. *Allan*, 21 Gratt. 245 ; *Davidson* v. *King*, 51 Ind. 228, and other cases cited in 20 Am. Dec. 168, n. 2.

The reason is that "if a party were allowed to go on to a decree without looking for evidence, which might

be obtained by proper research, and afterwards, by finding the evidence, to file a bill of review, there would be no end to such bills." *Nichols* v. *Nichols*, 8 W. Va. 185–187.

The granting of a bill of review is not a matter of right, but of sound discretion in the court. It may be refused, therefore, although the facts, if admitted, would change the decree, where the court, looking to all the circumstances, deems it productive of mischief to innocent parties, or from any cause unadvisable. 20 Am. Dec. 172, note, and cases cited; *Nichols* v. *Nichols*, 8 W. Va. 186; *Putnam* v. *Clark*, 36 N. J. Eq. 36. In *Hunt* v. *Rousmaniere*, 1 Pet. 15, the court said: "Where a party acted under a mistake of law, and under advice of counsel, there is no relief." *Bank of U. S.* v. *Daniel*, 12 Pet. 32. This is the rule in such case.

This court does not consider itself bound by the exercise of the chancellor's discretion in granting a bill of review. The court is of the opinion that the warning order in the original case might have been discovered before the suit was brought, by the exercise of the diligence required of the appellee in this case. In *Putnam* v. *Clark*, 36 N. J. Eq. 36, the court said, in considering the right to a bill of review, and the diligence required where it is asked upon the ground of newly discovered matter: "But, apart from these considerations, if it were conceded that she has used due diligence to obtain the testimony and in making the application, the prayer of the petition ought not to be granted. The whole matter rests in the sound discretion of the court, which is to be exercised so as to effectuate the ends of justice."

The decree of the chancellor is reversed, and the cause dismissed, with the rights of the appellee reserved to have decree for taxes, etc., according to the opinion of the court in *Gregory* v. *Bartlett*, 55 Ark. 30.