CHARLES B. ARMISTEAD ET AL. *v.* ISAAC J. BARBER ET AL.

1. CHANCERY. *Bill of review. Interest of litigants. Parties. Misjoinder. Non-joinder.*

   A bill in equity seeking to review the proceedings and decrees in a partition suit should—
   
   (a) Set forth the interest of all the parties;
   (b) Join all the parties to the original suit or show the facts justifying their nonjoinder; and
   (c) Show the facts justifying the joinder of persons not parties to the original suit, if any be joined.

SAME. *Infants. Amendments.*

Where some of the parties seeking relief by a bill of review are infants and were defendants to the original suit, and it be charged that they were not served with process therein, it will be error upon sustaining a demurrer to the bill to dismiss the same without granting leave to amend, although such leave was not asked.

FROM the chancery court of Newton county.

HON. THOMAS KEITH, Special Chancellor.

Armistead and others, appellants, were complainants in the court below; Barber and others, appellees, were defendants there. The proceeding was by a bill of review.

In 1889 Barber and others filed a bill in the chancery court of Newton county against one Armistead and his four infant children, praying the sale, for partition of the proceeds, of certain lands in the said county, owned by complainants and defendants in said suit as tenants in common. A decree was rendered ordering the land sold and the proceeds divided, and the sale was afterwards duly confirmed. In November, 1902, Charles B. Armistead, Ruth McPherson, and Jennie B. Armistead, appellants, three of the infants who were defendants in the original suit, and who are yet under twenty-one years of age, by their next friend, filed the bill of review in this case. The bill of review does not set out the interest of the parties. Some of the parties to the original suit were not joined as parties to the bill of review, and other persons, not parties to the original bill, are made parties; the bill alleging that they own the land. The bill of review charges that complainants, appellants, were never legally summoned to appear in court to defend the original suit. The defendants demurred to this bill of review. The demurrer was sustained, and the bill dismissed. From that decree, complainants appealed to the supreme court.

*Ethridge & McBeath,* for appellants.

It is said, 4 Enc. Pl. & Pr., sec. 4, "In order to ascertain if

there be error in the decree sought to be reversed, the general practice in this county is to look back of the decree into the whole record of the pleadings and proceedings, including orders, masters' reports, etc."

*Enochs* v. *Harrelson,* 57 Miss., 465, seems to be the fullest of our decisions on the question of a bill of review. It holds that an infant may, by original bill, impeach a decree against him for errors apparent, or file a bill of review, citing the case of *Sledge* v. *Boone,* 57 Miss., 222. Judge Campbell, in that case, says: "Ordinarily in the consideration of a bill of review is a consideration of the original cause upon a specific error assigned by the bill of review, and unless there be some good reasons against it, the court hearing the bill of review proceeded at once and rendered the proper decree in the original cause." 2 Daniel Chy. Practice, 1584. The court in the same opinion says further: "If the justice of the cause requires that it should be reheard, that course should be pursued." The case of *Enochs* v. *Harrelston, supra,* is almost identical with the case at bar, and upon that case alone, the decree appealed from should be reversed and the cause remanded, for such decree as the chancellor should have rendered in the original suit. Certainly the learned chancellor erred in dismissing this bill.

*Amis & Dunn,* for appellees.

The bill of review does not show that complainants are in any way damaged or injured by the decree complained of. This is necessary. 3 Am. & Eng. Pl. & Pr., 593; *Laidley* v. *Kline,* 25 W. Va., 208; *Riggs* v. *Huffman,* 33 W. Va., 426; *Bank* v. *Wilson,* 35 Va., 36; *Railroad Co.* v. *Rainey,* 7 Cold. (Tenn.), 420; *George* v. *George,* 67 Ala., 192; *Hargrove* v. *Lewis,* 7 Ga., 1118; *Foemper* v. *Barton,* 18 Ohio, 418; *Burley* v. *Flint,* 105 U. S., 247; *Brown* v. *White,* 16 Fed. Rep., 900; *Harris* v. *Hanie,* 37 Ark., 354.

The bill should show that complainants have an interest in

the subject-matter of the suit.   This it does not do.   *Bank* v. *Wilson,* 35 Va., 36.

The complainants do not offer to return their share of the $1,000 for which the property was sold under the decree.   This we conceive to be necesasry.   "He who would have equity must first do equity," is a cardinal rule.

The bill of review fails to join several persons who were parties to the original suit, nor does it assign any reason or excuse for not doing so.   This is necessary.   *Knowland* v. *Sartorious.* 46 Miss., 45; *Vaughn* v. *Cutrer,* 49 Miss., 782; *Friley* v. *Hendricks,* 27 Miss., 412.

The bill of review does not show how the defendants, F. N. McMullan, M. O. Bingham, H. C. Majure and Frank Loper, Armistead, are connected with the suit.   It merely alleges that they own the land, but does not show whether or not they claim under the decree in said cause.   For aught the bill shows they may claim title wholly independent of the decrees sought to be reviewed.   We think it is necessary to show that those defendants claim under or through or under some one or more of the original parties to the suit.   3 Am. & Eng. Enc. Pl. & Pr., 590; *Knowland* v. *Sartorious,* 46 Miss., 45; *Curry* v. *Peebles,* 83 Ala., 225.


*J. R. Byrd* and *J. D. Carr,* on same side.

The bill in this case charges that the decree in the original suit is "void."   If it be true that the decree is void, the demurrer was properly sustained, because a void decree can have no effect.   A court will not entertain a bill to set aside such a decree.   *Friley* v. *Hendricks,* 5 C., 412; *Pendleton* v. *Prestridge,* 12 Smed. & M., 302.

The law is well settled that a bill of review will not lie unless all parties to the original suit are made parties to the bill of review.   That ground of demurrer was well taken and was properly sustained.   *Friley* v. *Hendricks,* 5 C., 412; *Know-*

---

---

*land* v. *Sartorious,* 46 Miss., 45 ; *Vaughan* v. *Cutrer,* 49 Miss.; 782.

The bill does not show that the appellants have any interest now in the subject-matter of this suit; or that Mrs. Ruth McPherson ever had any interest in it. If they have no present interest in the property they cannot be heard to complain.

The bill nowhere alleges that the appellants have been in any way injured by the decree that they seek to vacate, and surely if they have not been injured, in some way, they have no standing in court. *Vaughan* v. *Cutrer,* 49 Miss., 782.

The law requires all bills of review to be brought within two years of the rendition of the decree, except as to infants and persons of unsound mind. See sec. 2751, Code 1892. This bill shows that the original decree was rendered in 1889, and this suit was brought in 1902, thirteen years after the rendition of the original decree.

The appellants sue by next friend, but it is not shown that they are infants or persons of unsound mind, and, therefore, the bill was properly dismissed.

Before the appellants can sustain their bill they must do equity by paying back, or offering to pay back, the one thousand dollars that the bill shows was the fruits of the first decree, or so much thereof as was their proportional share, and having failed to do this, their bill is defective and was properly dismissed.

CALHOON, J., delivered the opinion of the court.

There is an appeal from a decree sustaining a demurrer to a bill of review and dismissing the bill, and the court was right in sustaining the demurrer on some of the grounds. The bill does not, as it should do, set forth the interests of all the parties ; it does not, as it should do, join as parties some who were parties to the proceedings sought to be reviewed, nor give any reason for their nonjoinder; and it does not, as it should do,

show why persons who are not parties to the original proceedings are made defendants to it. We expressly decline now to decide the other questions raised on the demurrer. Inasmuch as the rights of minors are involved, who aver that no process was served on them, and since there may be merit in their claim, my associates hold that the court erred in dismissing the bill, notwithstanding no leave was asked to amend. I yield to their opinion, but do so doubtingly, even in the face of *Kimbrough* v. *Curtis,* 50 Miss., 122, and *Hiller* v. *Cotton,* 48 Miss., 593. See 6 Enc. Pl. & Pr., 428.

*Reversed and remanded, with leave to complainants to amend their bill as they see fit; but the costs of the appeal are taxed on the appellants.*