WILLIAMS v. MILLER LEVEE DISTRICT No. 2.

Opinion delivered April 1, 1929.

*J. M. Carter* and *B. E. Carter,* for appellant.

*Henry Moore, Jr.,* for appellee.

HART, C. J., (after stating the facts). In *Brunson v. Board of Directors of Crawford County Levee District,* 107 Ark. 24, 153 S. W. 828, 44 L. R. A. (N. S.) 293, Ann. Cas. 1915A, 493, the court held that, where the statute under which an illegal assessment is made requires that suit be brought by the district directors to collect delinquent taxes, a landowner who, with knowledge of the facts, pays the taxes illegally assessed, makes a voluntary payment, and cannot recover them back. It was held that the proper remedy of the landowner would have been to refuse to pay the taxes and defend the suit to collect the same. The court said he could have interposed the same defenses to the recovery of the taxes in the first instance as he now asserts as the basis of his recovery of taxes after they had been paid.

The same principle was recognized and applied in the case of *Chicago, Rock Island & Pacific Ry. Co.* v. *Brazil,* 166 Ark. 246, 266 S. W. 66. It was there held that, where a railroad company, without protest or objection, paid taxes illegally levied on its railroad property on a valuation above that certified by the Tax Commission, it cannot recover the excess as if paid under duress, as the collector, on default, could only return the property delinquent, in which case a suit would be brought, in which the defense of illegality of the tax could be made.

We can see no good reason for overruling the principles of law decided in these cases, and adhere to them.

But it is insisted by counsel for appellants that they are entitled to recover under the terms of the act creating the levee district. The Legislature of 1911 passed an act to establish a part of Miller County, Arkansas, into a levee district to be known as Miller Levee District No. 2, for the erection and maintenance of a levee in said district. Special Acts of 1911, page 89. Section four of the act provides that the board shall assess and levy an annual tax on the lands in the district for

the purpose of carrying out the provisions of the act. The section provides that the board of directors shall have power, and it is made its duty, to assess and levy annually a tax upon the valuation as it shall appear each year upon the real estate assessment books of Miller County, Arkansas, upon all lands in said district, etc. Section five provides that if, in adjusting and correcting the list of land subject to levee taxes, it is found that taxes have been collected for land not subject to levee taxes, the proper board of directors shall cause such taxes to be refunded, and in no case shall taxes be collected for any land lying between the levee and the river, not protected from overflow by said levee. Section six makes the sheriff of Miller County, Arkansas, the collector of levee taxes. It provides that, if the levee taxes are not paid by the tenth day of April, a penalty of twenty-five per cent. shall attach to said delinquency, and the board of directors shall enforce the collection of the taxes by chancery proceedings. It further provides that said proceedings shall be in the nature of proceedings *in rem.*

We cannot agree with counsel for appellants that § 5 gives appellants any right to recover taxes which they had voluntarily paid for the years 1924, 1925, 1926 and 1927. The lands in question were assessed as a fractional quarter section belonging to appellants, comprising 213.15 acres. It is true that it turned out that the fractional quarter section contained only 134.15 acres. The fractional quarter section of land in question belonged to the appellants, and was situated within the boundaries of the levee district.. The fractional quarter section of land was therefore subject to levee taxes upon the valuation as it should appear each year upon the real estate assessment books of Miller County, Arkansas. It is true that in the assessment books of Miller County a mistake was made in the number of acres in the fractional quarter section; but this, under the terms of the act, did not give the commissioners the power to adjust

and correct the amount of levee taxes. The amount of the levee taxes was fixed by the Legislature upon the valuation of the land made by the county assessor in assessing the land for State and county taxes. Section five of the act creating the levee district only gives the commissioners power to correct the list of lands subject to levee taxes, and does not give them the power or right to refund taxes upon lands which are subject to assessment in the levee district.

This court has decided that § 10180 of Crawford & Moses' Digest, providing for a refund of taxes erroneously assessed by the county court, does not apply to taxes levied under special assessments, such as in the present case. *Walton* v. *Arkansas County,* 153 Ark. 288, 239 S. W. 1034.

The taxes were voluntarily paid by appellants; and, the statute creating the levee district not having provided any means for recovering taxes erroneously assessed, appellants are not entitled to recover, under the facts alleged in their complaint.

It follows that the court properly sustained a demurrer to their complaint, and the judgment must be affirmed.