IMBRAGULIO *v.* HEBERT.

(Division A.   Dec. 10, 1934.)

[158  So.  138.   No.  31481.]

Quitman Ross, of Laurel, for appellant.

Rawls & Hathorn, of Columbia, for appellee.

**McGowen, J.**, delivered the opinion of the court.

An appeal is prosecuted here from a decree sustaining a demurrer and dismissing a bill of review filed in the chancery court by the appellant, Philip Imbragulio. On February 10, 1933, appellant made an affidavit in attachment before the chancery clerk presumably under section 173, Code 1930. A writ was issued and levied on an automobile belonging to the nonresident appellee,

Hebert, returnable to the regular term of the chancery court on June 19, 1933.

The action was an ex delicto claim based upon alleged damages to an automobile belonging to Imbragulio caused by a collision on the public highway.

At that term of court no pleading, of any kind, was filed by the appellant, and neither he nor his solicitor of record appeared, or took steps in the suit. On June 26th, upon motion of the appellee, Hebert, the court dismissed the attachment suit and awarded damages for the wrongful suing out of the same. No motion for a new trial was filed by Imbragulio during the term. After the adjournment of that term, in December, 1933, the appellant presented a petition to the chancery court, ex parte, without notice to the appellee or his solicitor, and upon said petition obtained leave to file a bill of review on the decree dismissing the attachment suit. The so-called bill of review was filed on January 15, 1934. Upon process, Hebert appeared and filed a demurrer to the bill. The effect of this demurrer was that the so-called bill of review contained none of the essentials of such a bill, and was, in fact, an original bill. This demurrer was sustained.

In brief, the bill set out the circumstances of an automobile collision upon which the original attachment suit was based, and it was made to appear that Hebert was guilty of negligence therein. The bill alleged that, prior to the term of court at which the attachment suit was dismissed, the solicitor for Imbragulio had written a letter to the clerk of the court stating that Imbragulio was quite ill in the hospital at Hattiesburg, and that the case could not be tried at that term of court. It is not shown that the solicitor attended that term of court, or communicated, in any way, with Hebert's solicitors, nor is it shown that the clerk of the court brought this letter to the attention of the court. No diligence, whatever, is

alleged in the bill, and it is not shown that any newly discovered evidence had been found since the entry of the decree dismissing the attachment suit. No error of law is pointed out on the face of the attachment suit.

A bill filed in pursuance of a petition is and should be merely an enlargement of the petition. Cole v. Miller, 32 Miss. 89. It must allege that there is newly discovered evidence, and must set up material facts constituting same, and the manner exactly in which it affects the former decree. The allegations must be definite and certain, and not matters of conjecture. Griffith's Chancery Practice, section 639, and such bills are not favored. Id., section 640.

The letter written by the solicitor of Imbragulio was lacking in many of the essentials of an application for a continuance, and it is unnecessary to cite authority that a continuance is a matter within the discretion of the chancery court. Imbragulio's presence at the trial in June may or may not have been necessary. If, on presentation of a petition with a copy of the bill attached, which is the proper practice, the appellee had been summoned to that hearing, it would have been the proper procedure for a demurrer, if thought advisable, to have been filed as to the sufficiency of the bill. In the case at bar, there was no process waived as to the filing of the bill, which was granted ex parte, and the demurrer was entirely proper, as the bill is wanting in two essentials: First, that there was material error of law apparent on the face of the decree and the pleadings on which it is based; and, second, in that there was some newly discovered material matter which was not and could not be found and produced by reasonable diligence before the original decree was entered. Griffith's Chancery Practice, sec. 635; Iler v. Routh's Heirs, 3 How. (Miss.) 292, and Foy v. Foy, 25 Miss. 207. In the case of Armistead v. Barber, 82 Miss. 788, 35 So. 199, the demurrer was favorably con-

sidered, but the case was reversed for want of the necessary parties, a defect in form and not in substance. It is true that the appellant asked leave to amend his bill when it was dismissed, but, being a bill of review, he should have presented to the court matters of substance which would have entitled him to a review. He presented nothing.

The demurrer was properly sustained and the bill properly dismissed.

Affirmed.