NEW NETHERLANDS AMERICAN MORTGAGE BANK, LIMITED *v.*
GREENE AND LAWRENCE COUNTY DRAINAGE DISTRICT.

4-5669 133 S. W. 2d 446

Opinion delivered November 20, 1939.

*W. W. Bandy,* for appellant.

*Jason L. Light, Charles W. Light* and *Roy Mullen,* for appellee.

HOLT, J. Appellant brings this appeal from a decree of the Greene chancery court which involved the title to 160 acres of land in Greene county sold to satisfy delinquent drainage district taxes.

The record reflects that in 1911 appellee, Greene and Lawrence County Drainage District, under statutory

enactment, was organized and issued twenty-year bonds to obtain funds with which to construct a drainage system, the last of said bonds being due and payable in 1931. Assessments to meet the bonds as they fell due were duly made and collected against the lands embraced in the district for the twenty-year period. However, at the expiration of this period in 1931, it appearing that additional funds were necessary to complete the improvements, and since the total tax collections on the assessment of betterments against the lands here in question had not amounted to the betterments assessed, a two per cent. additional levy of tax on the betterments placed against said lands aforesaid was duly made and carried out by the county court of Greene county.

The lands here in question are described throughout this litigation as the east half (E½) of the northwest quarter (NW¼) and the west half (W½) of the northeast quarter (NE¼) of section 14, township 17 north, range 3 east, containing 160 acres, in Greene county, Arkansas.

There seems to be no dispute that the north forty acres of each of the above described eighty-acre tracts were never assessed any betterments from the beginning and none were assessed or collected under the two per cent. levy on the original assessment of benefits referred to.

Betterments, however, were levied against each of the south forty-acre tracts, amounting to eighty acres in all, under the original assessment and said two per cent. levy, and the clerk of the Greene county court in 1933 extended the betterments levied against the said two south forties (eighty acres) the two per cent. levy, or $3.60 against each south forty, making a total assessment of $7.20.

Appellant, which was the owner of the property at the time, failed to pay said re-assessment of $7.20, and thereby the lands became delinquent.

Appellee, drainage district, on February 7, 1934, filed suit against appellant in the Greene chancery court

to enforce the payment of this $7.20 delinquent assessment, and on April 9, 1934, a decree was rendered ordering the sale of the whole of the above described lands in eighty-acre tracts, amounting to 160 acres, the decree describing said lands just as above. The commissioner, pursuant to said decree, sold each eighty-acre tract, which included the two north forties and the two south forties, to appellees, Golve Faulkner and L. O. Allen, although, as above indicated, no betterments had ever been assessed against either of the north forties, no taxes were due or collectible against either.

After the two years allowed for redemption had expired, and said lands not having been redeemed, the commissioner on order of the court executed and delivered to the purchasers, Faulkner and Allen, a commissioner's deed conveying to them the entire 160 acres of land in question.

The record further reflects that, although this 160-acre tract lies within the drainage district in question, during the period from 1911 to 1931 no betterments were ever assessed or drainage taxes collected against the two north forties except for the year 1921 when taxes in the amount of $5.22 against each north-forty-acre tract were assessed and actually collected, though without legal authority so to do. This assessment was paid by the then owners of the land, H. A. and L. C. Webster, without protest.

On September 11, 1937, appellant, being unsuccessful in its efforts to redeem the lands from the tax sale, filed, by permission of the court, a complaint in the Greene chancery court in the form of a bill of review. Appellant, in its bill, alleged newly-discovered testimony that no betterments had ever been assessed against the two north forty-acre tracts of land in question, but that notwithstanding this fact, in 1921, taxes in favor of said drainage district in the sum of $10.44 were actually assessed, extended against said tracts and actually collected and received by the drainage district, which amount was in its possession when the decree of April

9, 1934, condemning said land, as aforesaid, was rendered.

It further alleged that appellees, H. A. and L. C. Webster, on December 17, 1919, were owners of the 160-acre tract in question, and at that time mortgaged same to The Netherlands American Mortgage Bank, predecessor and assignor of appellant, to secure a loan of $4,000, and that they agreed under the terms of the mortgage to pay all taxes that might become due or a lien on the lands in question. The note was to become due January 1, 1930.

The prayer of the bill of review sought to have the court reopen the decree of April 9, 1934, and grant appellant a new trial of the suit against delinquent lands by defendant drainage district which resulted in the decree of April 9, 1934, aforesaid.

The chancellor granted appellant's prayer, reopened the cause, and upon a hearing found the issues in favor of appellant as to the two north forty-acre tracts herein involved and for appellees, Faulkner and Allen, as to the two south forty-acre tracts in question. From a decree based on his findings there is no cross-appeal, hence the two north forty-acre tracts passed out of the case and are not in question here.

Appellant very earnestly insists that, since the delinquent taxes claimed in the suit which resulted in the decree of April 9, 1934, amounted to only $7.20, and since the appellee, drainage district, actually had in its possession at the time $10.44 collected by means of the illegal assessment and collection of taxes against the two north forty-acre tracts for the year 1921, the chancellor should have applied a sufficient part of this $10.44 so unlawfully collected, as was necessary to pay the said $7.20 delinquent taxes due by virtue of the two per cent. levy on the original assessment of benefits in 1933, and that he should have further found for appellant as to the said two south forties.

We cannot agree with this contention of appellant.

While it is true from the testimony in this record that there was never intended to be, and no betterments

were charged against the two north forty-acre tracts of land in question during the life of appellee, drainage district, except for the year 1921, when each of the two north forty-acre tracts was assessed $5.22, or a total of $10.44, illegally and without authority so to do, and this money was received by the appellee, drainage district, we are clearly of the view that this assessment was paid at the time by the then owners, the Webster brothers, without protest, voluntarily, and that they would be, and their successors in title to the property, are barred after a delay of approximately thirteen years from any claim to this $10.44.

Nor do we think that appellant has shown due or proper diligence in its efforts to discover the matter alleged and set out in its bill of review. The law on this question is stated by this court in *Bartlett* v. *Gregory,* 60 Ark. 453, 30 S. W. 1043, in the following language: "Where a bill of review is for newly discovered matter, the rule now is that the matter must be such as could not have been discovered by the use of reasonable diligence, for, if there be any laches or negligence in this respect, that destroys the title to the relief." To the same effect see *Johnson* v. *Johnson,* 169 Ark. 1151, 277 S. W. 535.

In the case of *Williams* v. *Miller Levee District No. 2,* 179 Ark. 299, 15 S. W. 2d 986, this court announces the rule that taxes voluntarily paid to an improvement district, or special taxes, cannot be recovered. It recites and adheres to the case of *Brunson* v. *Board of Directors of Crawford County Levee District,* 107 Ark. 24, 153 S. W. 828, 44 L. R. A., N. S., 293, Ann. Cas. 1915A, 493.

While it is held in the Brunson case that in order to constitute one who pays illegal taxes a volunteer he must have knowledge of the facts, there is testimony to the effect that for the two years prior to 1921 the drainage district tax receipts received by the Websters showed payment of taxes on the two south forties only, and this is true for the two years immediately following the taxes for the year 1921. We think when the Websters were called upon to pay for the first time assessments on the two north forties, in addition to the assessments on the two south forties on which they had been

paying and continued to pay, that this was sufficient to put them on inquiry as to the legality of the assessment of the two north forties.

In the case of *Richards* v. *Billingslea*, 170 Ark. 1100, 282 S. W. 985, this court, reading from the first headnote, held: "Whatever puts a party on inquiry amounts to notice, where inquiry becomes duty and would lead to knowledge of the requisite facts by the exercise of ordinary diligence and understanding."

Appellant next contends that, on the rehearing of this case in 1937 on the bill of review, the learned chancellor should have found in its favor as to said two south forty-acre tracts for the reason that the court's findings were that there was due in delinquent taxes on the two per cent. levy on the original assessment of benefits $3.60 against the east half of the northwest quarter of said lands (eighty acres) and $3.60 against the west half of the northeast quarter (eighty acres) and because it ordered these two eighty-acre tracts sold *in solido* to collect these separate sums, when in fact the said delinquent taxes had been assessed only against the south eighty acres by forty-acre tracts, $3.60 against each of the south forties.

The undisputed testimony in this case shows that the two per cent. levy made by the county court in 1933 was against each of the two south forties only in the sum of $3.60, and that no levy was made, extended, or collected against the two north forties, yet the trial court in its decree held that not only the two south forties but the two north forties were liable for the tax and directed the county clerk, as commissioner of the court, to sell all four forties in eighty-acre tracts, as described heretofore in this opinion, and that in fact the commissioner sold the property in eighty-acre tracts described as follows: The west half of the northeast quarter of section 14, township 17 north, range 3 east, to Golve Faulkner and L. O. Allen for the 1933 drainage taxes for $3.60 plus costs, or a total of $6.98; and the east half of the northwest quarter, section 14, township 17 north, range 3 east, for $3.60 plus costs, or a total of $6.98, to Golve Faulkner and L. O. Allen.

Thus it appears that the two north forty-acre tracts were erroneously sold, and without authority of the trial court to order their sale. While the learned chancellor found that the sale in this manner was null and void, but, quoting from his decree, "that that part of said decree of April 9, 1934, which affects the southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter of said tract of land be and the same is hereby declared to be valid and binding and that the aforesaid commissioner's sale, the confirmation thereof and the aforesaid deeds are all and singly wholly valid and binding, and that part of plaintiff's which refers to said southeast quarter of the northwest quarter and the southwest quarter of northeast quarter of said tract of land is dismissed for want of equity, and the title to said southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter of said tract of land is forever quieted in the said defendants, Golve Faulkner and L. O. Allen, their heirs and assigns, and the court hereby retains jurisdiction of this cause for such further proceedings as shall appear proper and necessary to a full adjustment of the rights of the respective parties hereto."

We are of the view that the order of the trial court directing the lands to be sold in eighty-acre tracts for taxes due only on one-half of each tract, the south half, when no taxes were due by appellant on the north half of each eighty, and the sale thereunder, are absolutely void and that the court had no jurisdiction to order the sale consummated in such manner.

In the recent case of *Fuller* v. *Wilkinson, et al.,* 198 Ark. 102, 128 S. W. 2d 251, this court held (quoting head-note): "It is not within the power of the legislature to authorize a sale for taxes which are not due and which are not a charge upon the land sought to be sold."

In the case of *Dickinson* v. *Arkansas City Improvement Company,* 77 Ark. 570, 92 S. W. 21, 113 Am. St. Rep. 170, this court said: "The second tax deed under which appellants claim title is void for a different reason. Conceding that the description 'Frl. E½, NE¼, Sec. 32, T. 12 S, R. 1 W,' where the section is not in fact frac-

tional, is sufficient to describe the whole of the east half of the northeast quarter, the record shows that appellee paid taxes for the same year on part of the same subdivision, and, this being true, a sale of the tract for the whole of the taxes assessed, when part of the taxes thereon had been paid, renders the sale void.''

In 26 R. C. L. 398, § 357, the text-writer lays down the following rule: ''The land must be sold for the tax assessed upon it and if it is sold for taxes assessed upon a tract with different boundaries from that sold, the sale is void. A sale of an entire tract of land for taxes due on the whole when a tax is due for part only is also clearly void. When different parcels of land belonging to the same owner and separately assessed are sold it is the law in most jurisdictions that each parcel must be sold for the tax assessed upon it alone.''

In *People* v. *Golding, et al.*, 55 Misc. 425, 106 New York Supp. 821, the court held (quoting headnote): ''The sale of more lands than are covered by the assessment is a jurisdictional defect.''

In the instant case we think the chancellor, as above indicated, had no authority to order the sale of the north and the south forty-acre tracts in eighty-acre blocks for taxes due on only the two south forties. It might be argued that appellant was not injured or prejudiced. This, however, is purely speculative.

For the error indicated, the decree will be reversed and the cause remanded with directions to the trial court to cancel and set aside the commissioner's deed conveying the two south forties, eighty acres, in question to Faulkner and Allen; that appellant be permitted to redeem said lands, and that upon its payment of the amount required to redeem, title to said lands be quieted in appellant.