JACKSON *v.* STATE EX REL. HANDY, COUNTY ATTY.

June 14, 1954

No. 39251          67 Adv. S. 70          73 So. 2d 256

*Laub, Adams, Forman & Truly,* Natchez, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

On November 22, 1952, a temporary injunction was issued restraining appellant from operating or attempting to operate, directly or indirectly, a house of prostitution or assignation upon the premises owned and occupied by her in the City of Natchez. This injunction was made permanent by a decree of February 6, 1953. Thereafter, on August 17, 1953, a petition was filed against her alleging that she had violated the terms of said injunction and seeking a citation for contempt against her. Upon the hearing she was adjudged in contempt for said violation and sentenced to pay a fine of $1,000.00 and to serve six months in the county jail, from which she appeals.

Appellant contends first that the decree of the chancellor is manifestly erroneous and that her motion to discharge her should have been sustained. It would serve no good purpose to set out the evidence upon which the decree was entered. We have carefully read and considered it and are of the opinion that it sustains the decree, and we cannot say therefrom that the decree was manifestly erroneous nor that her motion for discharge should have been sustained.

About nine days after rendition of the decree appellant filed a petition for leave to file a bill of review and this was denied, which denial is assigned as error. The proposed bill of review sets forth that one of the witnesses for the State testified falsely as to his ever having been convicted of a criminal offense and further that he testified falsely as to the length of time he had been engaged in his present employment. These matters go only to the credibility of the witness and to the impeachment of his character and not to the real issue before the chancellor which was sustained by the testimony of other witnesses whose credibility is not attacked. In the early case of Foy v. Foy, 25 Miss. 207, 212, this Court held that a bill of review cannot be entertained to impeach the character

of witnesses. To the same effect see Griffith's Mississippi Chancery Practice, Section 637, page 699. Moreover, the allowance of a bill of review is within the sound discretion of the court, Griffith's Mississippi Chancery Practice, Section 640, and we do not think the chancellor abused his discretion in this instance. The decree of the lower court is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.