### CRITTENDEN LUMBER COMPANY *v.* McDOUGAL.

#### Opinion delivered December 18, 1911.

1. JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—In a collateral attack upon a judgment of a domestic court of general jurisdiction,

every presumption will be indulged in favor of the jurisdiction of such court.  (Page 395.)

2.  SAME—CONCLUSIVENESS OF PRESUMPTION.—A judgment or decree entered upon constructive service by publication will be entitled to the same favorable presumption as judgments or decrees upon personal service.  (Page 395.)

3.  SAME—WHEN OPEN TO COLLATERAL ATTACK.—A judgment may be attacked collaterally where, by the record, it appears that there was a want of jurisdiction in the court rendering it, either of the subject-matter or of the person of the defendant.  (Page 395.)

4.  SAME—COLLATERAL ATTACK.—Under the statute providing that suits to foreclose the lien for levee taxes in the St. Francis Levee District upon unoccupied lands of nonresident owners shall be *in rem*, and that it shall be immaterial that the ownership thereof may be incorrectly alleged, a decree, based upon constructive service, enforcing the lien for levee taxes in the St. Francis Levee District against unoccupied land of a nonresident owner is not open to collateral attack because the ownership is incorrectly alleged to be in a resident owner, who actually has no interest therein.  (Page 395.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Norton & Hughes,* for appellant.

1. The affidavit of nonresidence, the foundation of the issuance and publication of a warning order, is jurisdictional. 70 Ark. 409; 68 S. W. 242; 147 Fed. 133, 219, 225; 66 Ark. 282; 50 S. W. 503. Service by publication is a statutory substitute for personal service; it is a deviation from the common law, and the statute must be strictly pursued. 69 Ark. 591; 65 S. W. 459; 48 Ark. 238, 246; 10 Fed. 891; 94 Ark. 338; 12 S. W. 905; 164 Fed. 963, 966; 33 N. W. 559; 43 N. W. 271. The court having no jurisdiction, the judgment was void and subject to collateral attack. Cases *supra*; 43 N. W. 271; 177 U. S. 609; 55 Ark. 30; 17 S. W. 344; 70 Ark. 207; 66 S. W. 916; 83 Ark. 234; 103 S. W. 386. See also Kirby's Digest, § § 6055, 6057, and 164 Fed. 963.

2. The recital of due service is impeached and contradicted on *the face of the record.* 16 S. W. 831; 95 S. W. 572; 97 U. S. 444; 57 Ark. 49; 139 *Id.* 653. The affidavit for warning order is part of the record. 16 S. W. 831, and cases *supra*; 10 S. E. 113; 127 Fed. 219, 225-6; Freeman on Judgments, § 75 *et seq.* and 125; 1 Black on Judgments, § 124; Wade on Notice, § § 1361, 1382.

3. The levee decree is void on its face. The only way of divesting a nonresident's estate is by the publication of the land in the warning order. Personal service on an alleged resident owner is not sufficient. (136 S. W. 189; 139 *Id.* 653.) 89 Ark. 160; 33 N. W. 559; 43 N. W. 271; 110 U. S. 701; 152 Fed. 357; 103 S. W. 979; 86 *Id.* 147; 86 N. W. 494; 117 S. W. 907; 60 Pac. 608; 92 Pac. 1054; 16 S. W. 831; 13 Wis. 575; 79 N. E. 283; 110 Pac. 193; 103 *Id.* 462; 49 Ark. 397.

4. It was error for the court to depend on the personal service for jurisdiction. 26 Ark. 491; 49 *Id.* 397.

*Mann, Rollwage & Morrow,* for appellees.

1. The decree recites that Sweet Bros. were duly and personally served with summons *as provided by law,* and also "by publication of warning order *as required by law.*" It was not necessary that Sweet Bros.' name should appear in the affidavit for warning order. 127 S. W. 983; 74 Ark. 174.

2. There is no requirement of law that the affidavit contain the name of the resident defendant. The court acquired jurisdiction of the subject-matter *in rem* and entered a decree finding that due service was had. This finding is not subject to collateral attack. 71 Ark. 101; 55 *Id.* 30. A recital of personal service, was merely cumulative.

3. 147 Fed. Rep. 133 was set aside in 204 U. S. 673.

FRAUENTHAL, J. This was an action instituted by the Crittenden Lumber Company, plaintiff below, to cancel as a cloud upon its title a deed held by the defendants to a tract of land situated in St. Francis County. Plaintiff claimed ownership of the land and deraigned title thereto under mesne conveyances running back to the United States. Defendants acquired their title to the land by virtue of a deed executed by a commissioner of the St. Francis Chancery Court, in pursuance of a decree of said court subjecting the land to sale for the nonpayment of levee taxes. Plaintiff attacked the validity of said commissioner's deed upon the ground that the chancery court of St. Francis County was without jurisdiction to enter the decree under which said land was sold and said deed executed. The decree condemning the land to be sold for the nonpayment of the levee taxes was rendered on December 18, 1908, at a regular term of the St. Francis Chancery Court.

The suit upon which the decree is based was brought under and by virtue of the provisions of the act of the Legislature, approved April 2, 1895, which is amendatory of the act of the Legislature of February 15, 1893, establishing the St. Francis Levee District, in which district the land in controversy is situated. (Acts of 1893, p. 24; Acts of 1895, p. 88.)

These acts of the Legislature make the lands situated in said St. Francis Levee District subject to the payment of levee taxes, and provide that the payment thereof shall be enforced by a foreclosure suit. It is further provided that in such suit all or any of the delinquent lands may be joined and proceeded against and judgment entered against each tract, and that "said proceedings and judgments shall be in the nature of proceedings *in rem*, and it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings; and such judgment shall be enforced wholly against said land, and not against any other property or estate of said defendant."

The land in controversy was at the time of the institution of said suit owned by plaintiff, who was then and has ever since been a nonresident of the State. It is contended that duly authorized and legal notice was not given of the pendency of said suit, and on that account that the St. Francis Chancery Court did not acquire jurisdiction to enter a decree subjecting the land in controversy to sale for the alleged nonpayment of the levee taxes. This contention is made upon the ground that the land was in fact proceeded against as belonging to a resident owner; that proper affidavit was not made so as to authorize the issuance of a warning order in order to proceed against it as belonging to a nonresident owner.

By virtue of the above acts of the Legislature, the St. Francis Chancery Court acquired jurisdiction over the subject-matter of enforcing the payment of levee taxes on the land in controversy, and to make that jurisdiction complete it was only necessary to give notice of the pendency of the suit in the manner provided by the acts. To give such notice, the act authorizing the foreclosure proceedings provides: "Notice of the pendency of such suit shall be given as against nonresidents of the county and the unknown owners by publication weekly for four weeks prior to the day of the term of court on which final judgment may be entered for the sale of said land, * * * which

public notice shall be in the following form:" etc. The notice is addressed to all persons whomsoever having or claiming any interest in the land; and the specified form then contains this provision: "Then shall follow a list of supposed owners, with a descriptive list of said delinquent lands and amounts due thereon respectively, as aforesaid:" and concludes as follows: "And said persons and corporations and all others interested in said lands are hereby notified that they are required by law to appear and make defense to said suit." As to resident owners, the statute provides as follows: "As against any defendant who resides in the county where such suit may be brought, and who appears by the record of deeds in said county to be the owner of any of the land proceeded against, notice of the pending suit shall be given by the service of personal summons of the court at least twenty days before the day on which said defendant is required to answer as set out in said summons;" and provides further that actual service of summons shall be had when the defendant is in the county, or where there is an occupant upon the land.

In the complaint upon which the suit was brought, a large number of tracts of land and defendants were joined, and it was therein alleged that some of the defendants were residents of the county where the suit was brought, and that others were nonresidents thereof. The land in controversy is noted in the complaint as owned by Sweet Brothers, and a summons was issued upon the complaint against said Sweet Brothers and personally served upon them. At the same time an affidavit was made and filed in which it was stated that a number of the defendants, naming them, were nonresidents of said county, but Sweet Brothers were not named in said affidavit. Thereupon a warning order or notice of the pendency of the suit was duly issued and published in the manner and form prescribed by said act, in which the land in controversy was set out and described, with the supposed owner noted as Sweet Brothers. In the decree entered upon said complaint it is recited that certain defendants therein, including Sweet Brothers, were personally served with summons in manner prescribed by law, and that the other defendants, naming them, including said Sweet Brothers, were summoned by publication of warning order in the manner and form required by law. The decree

further recites that the said warning order or published notice contained a description of the lands (including the land in controversy) thus proceeded against, and the names of the owners thereof, and "notified said owners and all other persons who have or claim to have any interest in said lands to appear and make defense to the suit." The decree found that levee taxes were due and payable upon the land in controversy, and ordered its sale for their payment.

This is a collateral attack upon a domestic judgment of a court of general jurisdiction. It is well settled that every presumption will be indulged in favor of the jurisdiction of such court, and the validity of the judgment which it enters. Unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court did not exist, such collateral attack against the judgment rendered by it will not prevail. A judgment or decree entered upon constructive service by publication will be given the same conclusive effect and will be entitled to the same favorable presumptions as judgments on personal service. It is true that a judgment may be attacked collaterally where, by the record, it is shown that there was want of jurisdiction in the court rendering it, either of the subject-matter or of the person of the defendant. In the practice and proceedings of the chancery courts in this State, it is ordinarily necessary to file affidavit of the non-residence of the defendant proceeded against in order to obtain the issuance of a warning order and the constructive service of process against him. This affidavit is essential to authorize the issuance and publication of the warning order which gives to the court jurisdiction over the persons of such defendants. *Barber* v. *Morris* (Minn.), 33 N. W. 559; *Anderson* v. *Coburn,* 27 Wis. 558; *Bradley* v. *Jamison,* 46 Iowa 68; *Galpin* v. *Page,* 18 Wall. 350.

We do not think that it is necessary, however, to pass upon the question as to whether or not the recital of the decree in this case that a warning order or published notice of the pendency of the suit was duly made in manner provided by law raised a conclusive presumption that all the preliminary steps necessary to make the warning order valid were taken; or whether such recital can be overthrown by showing, by the introduction of one affidavit filed in the case, that such recital

is untrue. If it shall be held that such affidavit is part of the record and of equal verity with the record of the decree itself, still it may be that another affidavit, upon which the warning order was based, was duly made and filed, alleging the non-residence of the supposed owner of the land in controversy. But, as before stated, we do not think it necessary to pass upon this question, which is earnestly pressed by learned counsel for plaintiff, because the proceedings seeking the foreclosure of the levee taxes in the suit upon which the commissioner's deed is founded are authorized by special statute. By that statute it is specially provided that such proceedings and judgment shall be in the nature of proceedings *in rem*, and that it shall be immaterial that the ownership of said lands may be incorrectly alleged in said proceedings. The act does not require that the true owner be named as a party to the suit, but only provides that notice of the pendency of the suit shall be published, in which there shall be given a description of the land proceeded against, in event the owner thereof is a nonresident. By such notice, all nonresident persons having an interest in the land are warned of the pendency of the suit and are concluded thereby, whether they are made parties to the suit or not. It is therefore not necessary to name the true owner, in event he is a nonresident, either in the complaint or in the notice, and the decree entered upon such notice is not open to collateral attack by reason of the failure to name the true owner either in the notice or to make him a party to the suit. Notice is sufficiently given to every one who is a nonresident and has any interest in the land by the description of the land which is proceeded against, and which is set out in such notice. This has been the uniform holdings of this court relative to decrees rendered upon similar notice in proceedings under the above acts. *Ballard* v. *Hunter*, 74 Ark. 174; *Pattison* v. *Smith*, 94 Ark. 588.

For the same reason, it is not necessary that the true owner be named in the affidavit for the warning order or published notice which is issued thereon, even if it be held that an affidavit is essential to the issuance thereof. If by said affidavit it is made to appear that any party to the suit is a nonresident owner, and thereupon the land proceeded against is duly described in such published notice or warning order, it is sufficient

to give the court jurisdiction over all nonresident persons who have any claim whatsoever in said land, although it is noted as belonging to one who actually has no interest therein, in event such land is actually owned by a nonresident. It is only when the land is owned by a resident, or actually occupied, that the publication of such warning order will not be effective to give jurisdiction to the court over such land. But when the land is unoccupied and is owned by a nonresident, who is not personally served in the county with process, it must be proceeded against by describing it in the warning order (published notice) so as to give constructive notice of the pendency of the suit against all nonresidents who may have an interest therein. The mere fact that Sweet Brothers were noted as the owners of the land would not alter the result, because by the provisions of the statute the proceeding is in the nature of a proceeding *in rem*, and it is immaterial that the ownership of the land is incorrectly alleged in any of the proceedings, whether in the complaint or in the affidavit. The fact that Sweet Brothers were also served personally with process could not affect the jurisdiction that the court acquired by the publication of this warning order. By virtue of the special provisions of the act under which the suit was authorized to be brought, the action is in the nature of a proceeding *in rem;* and if the warning order describing the land, as provided by the act, is published upon affidavit made for its issuance, then every owner who is a nonresident is charged with constructive notice of the pendency of the suit, whether he is named in the complaint, the affidavit or any other of the proceedings incident to the suit or not. By the issuance and publication of a warning order thereon against any tract of land named in the complaint the chancery court obtained jurisdiction of all persons who were nonresidents of the county having any interest in the land; and, having jurisdiction of the subject-matter by virtue of said act, its power to enter a decree for the sale of the land was complete.

The chancery court entered a decree dismissing the complaint, and it is affirmed.