## CLAY *v.* BARNES.

### Opinion delivered December 20, 1915.

1. TAXES—COLLECTION OF DELINQUENT TAXES—PARTIES.—The collector is the proper party to bring a suit for the collection of delinquent taxes under the provisions of Act 279, Acts 1909, creating a certain improvement district.

2. TAXES—SALE FOR DELINQUENCY—COLLATERAL ATTACK.—A decree of chancery ordering a sale of land for delinquent taxes, can not be attacked collaterally in an action merely to set aside the decree as a cloud on plaintiff's title.

3. EQUITY JURISDICTION—VALIDITY OF DECREE—PRESUMPTION.—The decree of a chancery court confirming the sale of lands for nonpayment of taxes, will be presumed valid, unless it appears from the record that the court was without jurisdiction.

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellant brought this suit in the chancery court to cancel certain deeds to appellee and his grantors as clouds upon his title and alleged that he purchased the lands that were conveyed to him by a warranty deed by

one L. W. White, who was the owner and in possession thereof at the time of such conveyance.

He attacked the validity of the commissioner's deed made under a decree of the chancery court at the suit of the collector of a drainage district in St. Francis County, foreclosing the lien for taxes against the land, alleging that the suit was instituted and prosecuted in the name of the collector and not by the district, and because no notice of the suit was given or published as the law requires, and in the amended complaint alleged "the invalidity of the decree ordering the sale of the land in controversy, does not appear upon the face of the decree or upon or by any record in the case in which it was rendered, and that the want of publication of notice alleged and complained of in plaintiff's complaint does not appear upon the face of the judgment or decree or upon record in the cause, but the same must be established by evidence aliunde." And also that the invalidity of the commissioner's deed did not appear upon the face thereof or upon the record, but "is upon its face and so far as anything appears of record in said case, of which it was made valid."

It was also alleged that the defendants were in possession of the land holding by conveyance under said decree and the conveyances set out in the complaint, etc., and "that neither the plaintiff nor his vendor had notice or knowledge of said suit, judgment or proceedings complained of before said sale was made by said commissioner or until the time of bringing this suit." Prayer for cancellation of said judgment and decree and all the deeds of conveyances and that his title be quieted and for general relief.

A general demurrer was interposed to the complaint and sustained; the court holding the facts stated not sufficient to constitute a cause of action within the jurisdiction of a court of equity, and the plaintiff declining to amend, dismissed the complaint for want of equity, from which order this appeal is prosecuted.

*J. W. Story,* for appellant.

1. The complaint states a cause of action. (1) It alleges that appellant's title is deraigned from a common source. 109 Ark. 499.

(2) The appellees claim under a decree in chancery to enforce a lien for drainage taxes against L. W. White and others. Appellant claims under conveyance from L. W. White. The assessment was under Act 279, Acts 1909. This case does not fall within the provisions of section 5999, Kirby's Digest. (3) No notice was given as required by law. § 23, Acts 1909, Act No. 279; § 7, Act No. 111, Acts 1907; § 1, Act 49, Acts 1911. The provision is mandatory. Notice must be given *as required* by law. 79 Ark. 236; 47 *Id.* 236; *Ib.* 407; 52 *Id.* 511; 70 *Id.* 326; 30 *Id.* 610; 59 *Id.* 344. Notice is a jurisdictional fact. 105 Ark. 5. Tax statutes must be strictly followed. Cooley Taxation, 280-8; Desty Taxation 515; 45 Mich. 347; 51 Ark. 34; 91 *Id.* 92.

2. The court had jurisdiction. 105 Ark. 592; Pom. Eq. Jur. 423. The remedy at law would have been ejectment and would have been met with appellees' *prima facie* title, the commissioner's deed. Kirby's Dig., § § 760, 761, 7104; 105 Ark. 99; 101 *Id.* 301; 82 *Id.* 31. Then the burden would have been on appellant to show the invalidity of appellee's title. 76 Ark. 450. In cases of collateral attacks on domestic judgments the question of notice must be tried upon the record only. 72 Ark. 107. Unless the remedy at law is complete, equity has jurisdiction. 31 Ark. 353; 8 *Id.* 57; 48 *Id.* 435; 13 U. S. 338; 23 Ark. 746; 29 *Id.* 613.

2. The recital in the decree as to service of process is not sufficient.

3. The complaint follows the decisions of this court. 50 Ark. 458; 33 *Id.* 770; 101 *Id.* 142; 56 *Id.* 544; 112 *Id.* 467; 28 *Id.* 147; Black on Judgments, § 307.

4. This is a direct attack on the decree. Van Vleet on Collateral Attack, § 3; 20 Oregon 96; Elliott, Gen. Practice, § 330.

5. The purpose of this suit is to annul a decree and cancel deeds, and is clearly a case of equitable juris-

diction. 37 Ark. 187, 286; 111 *Id.* 329; 52 *Id.* 541; 30 *Id.* 279.

6. If the suit was brought in equity. when it should have been at law, the court should have transferred it, and not dismissed the complaint. Kirby's Dig., § § 5991-2-4; 37 Ark. 286; 51 *Id.* 235; 85 *Id.* 208; 87 *Id.* 142; 81 *Id.* 41.

*J. W. Morrow* and *C. W. Norton,* for appellees.

1. The complaint states no cause of action. The recitals in the decree are conclusive. The decree was regular on its face. 101 Ark. 390; 177 N. W. 10.

2. Chancery courts have no jurisdiction where plaintiff is in possession. This was simply an effort to deprive appellee of a right to trial by a jury. The demurrer questions the jurisdiction. The complaint seeks to collaterally attack a valid decree upon its face. Kirby's Dig., § 6518; 74 Ark. 484; 80 *Id.* 411; *Ib.* 415; 56 *Id.* 370; 23 *Id.* 746; 30 *Id.* 579; 37 *Id.* 643; 43 *Id.* 28; 44 *Id.* 436; 66 *Id.* 646; 56 *Id.* 93. The case should be dismissed. Kirby's Dig., § 5992. No desire to transfer was intimated, and the right, if any, was waived. 27 Ark. 585; 28 *Id.* 458; 31 *Id.* 411; 32 *Id.* 562; 66 *Id.* 646; 81 *Id.* 41.

KIRBY, J., (after stating the facts). (1) It appears from the allegations of the complaint that appellees are in possession of the lands and claiming them through the commissioner's deed executed under the decree of the chancery court against L. W. White, and others, foreclosing the lien for overdue taxes in a drainage district at the suit of the collector, the appellant claiming to be the owner of the lands by conveyances from said L. W. White. The collector was the proper party to bring the suit for the collection of the delinquent taxes under the provisions of the law under which the district was established.

The complaint alleges that the decree of the chancery court foreclosing the lien of the drainage district for taxes is regular and valid and the sale and commissioner's deed thereunder likewise valid, insofar as shown by the record of the case and that the invalidity of the decree for want of the alleged notice and of the commis-

sioner's deed, "does not appear upon the face of the judgment or decree or upon the record in the cause, but must be established by evidence aiiunde."

The purpose of the suit as disclosed by the complaint is to set aside the decree and cancel the deeds of the commissioner and other grantors of appellee, as clouds upon appellant's title and for possession of the lands claimed.

(2)   It is not a proceeding in the original suit in any direct manner, to have such judgment vacated for any of the grounds authorizing vacation of judgments under the statute, but is an independent proceeding merely, having as its chief purpose the gaining of the possession of the lands claimed and the cancellation of the conveyance to appellee as a cloud upon the title.   Such proceeding constitutes no more than a collateral attack upon the said decree of the chancery court, under which the land in controversy was condemned and sold.   *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10.

(3)   Every presumption will be indulged in favor of the jurisdiction of such court and the validity of the judgment which it enters, and unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court did not exist, such collateral attack against the judgment rendered by it can not prevail. *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390.

The decree attacked recites that the parties were duly served with process as required by law, and the complaint itself alleges that it and the commissioner's deed at the sale thereunder are in all respects regular and valid so far as shown by the record of the case, thus showing conclusively that the want of notice and defects complained of, are not such as can prevail against a judgment or decree regular upon its face in a collateral attack.

In the court's view of the law of this case above announced, it becomes unnecessary to decide the other questions raised, and the allegations of the complaint not being sufficient to constitute a cause of action, the court did not err in sustaining the demurrer.   The decree is accordingly affirmed.

Justices HART and SMITH dissent.