### TURNBOW *v.* BAIRD.

### Opinion delivered April 26, 1920.

1. JUDGMENT—AMENDMENT NUNC PRO TUNC.—Courts should be cautious in rendering *nunc pro tunc* orders and decrees; and, while the power may be exercised on parol testimony alone, the evidence should be clear, decisive and unequivocal, and should be of sufficient character and weight to overcome the written memorial.

2. INFANT—REMOVAL OF DISABILITIES—AMENDMENT DENIED.—Where an order removing disabilities of an infant was defective in failing to allege that he was above the age of eighteen years, an amendment *nunc pro tunc* to show that fact was properly denied where the infant was under eighteen at the time, and there was no sufficient showing that the court adjudged him to be over that age.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Sellers & Gordon* and *J. T. Bullock,* for appellants.

The court erroneously arrived at its conclusion in this case, and the *nunc pro tunc* judgment should be entered showing all necessary jurisdictional facts, as shown by the evidence in the cause. It was absolutely necessary for the circuit court to find that appellee was eighteen years of age and a resident of Pope County, and the fact that the court took jurisdiction and made the order removing disabilities with full knowledge of the requirements of the statute is conclusive evidence that the age of appellee was duly considered and adjudicated. 75 Ark. 12; 40 *Id.* 224; 17 *Id.* 100; 19 *Id.* ⸺; 25 *Id.* 214; 33 *Id.* 220; 34 *Id.* 300; 40 *Id.* 224. All these cases hold that in furtherance of justice the circuit court should order its record amended to speak the truth. See, also,

72 Ark. 229; 75 *Id.* 12; 1 Freeman, Judg., 74; 42 Am. Dec. 153; 47 Am. Dec. 153; 64 *Id.* 316.

*Robert A. Ragsdale* and *Hays & Ward,* for appellee.

1.   The judgment should be affirmed, because—

(1)   There was no motion for new trial.

(2)   The decision here is conclusive.

(3)   The decision is correct upon the evidence produced; and,

(4)   The circuit court was without jurisdiction when the petition was filed, December 1, 1914.

Kirby's Digest, § 6215; 46 Ark. 17; 21 *Id.* 399; *Ib.* 404; 26 *Id.* 479; 26 *Id.* 536; 93 *Id.* 382; 13 *Id.* 355; 3 C. J. 984; 95 Ark. 62; 90 *Id.* 377; 68 *Id.* 83; 86 *Id.* 267; *Ib.* 504; 73 *Id.* 190; 135 *Id.* 445; 53 *Id.* 161; 73 *Id.* 187; '86 *Id.* 259; 125 *Id.* 135; 129 *Id.* 304; 40 *Id.* 224; 78 *Id.* 364; 118 *Id.* 593.

2.   A record should only be amended to make it speak the truth, and the circuit court had no jurisdiction to make any orders upon the petition of Turnbow, as administrator, on December 1, 1914.   Kirby's Digest, § 1309; Acts 1911, p. 251; 54 Ark. 642.   By the act of May 4, 1911, the jurisdictional fact is added to that of residence, that the applicant if male must be eighteen years of age.

SMITH, J.   On December 1, 1914, a day of the regular November, 1914, term of the Pope Circuit Court, Hon. G. O. Patterson, presiding as special judge, made and entered an order and judgment removing the disabilities of minority of Willie H. Baird, one of the heirs at law of W. A. Baird, deceased, for the specific purpose of enabling him to join with the adult heirs of the said W. A. Baird in the conveyance of certain real estate descended to them from said decedent.   The judgment is defective in that it does not show the said Willie H. Baird to have been a resident of Pope County, and does not show that he was eighteen years of age when the order was made. Appellants became the purchasers of Willie H. Baird's interest, and brought this proceeding to have the record

amended by a *nunc pro tunc* order reciting the jurisdictional facts in regard to the age and residence of the petitioner. The court heard the evidence in the whole case, and denied the prayer of appellants, from which judgment comes this appeal.

Appellee Willie H. Baird resisted the prayer of appellants, and has raised several questions of pleading, which we find it unnecessary to decide, as, in our opinion, the court below properly disposed of the motion on its merits.

A large number of witnesses testified in the court below, and the case is here on a voluminous record, and the property involved is shown to be very valuable. Young Baird wasted the proceeds of the sale of the property by the time he had attained his legal majority (as is usually done in such cases), and after becoming of lawful age repudiated his deeds to appellants.

The testimony shows very clearly that appellee was not eighteen years old when the order was made, yet that is not the controlling question in the case. The question is whether or not the testimony showed the petitioner to be eighteen years old when the petition was heard, and did the court find the fact so to be?

The petition recited the residence of the petitioner to be Pope County, but alleged that petitioner was "............ years old." Mr. Patterson appears to have sworn and to have examined the witnesses at the original hearing, and there was in attendance at the time about the usual number of persons found in a circuit court room when court is in session without a jury. Several of these spectators testified at the hearing from which this appeal comes, but as there was nothing out of the ordinary to impress that proceeding upon them their testimony is not as satisfactory as it might otherwise have been. No one of them testified that any particular witness had stated what appellee's age was at the time, although appellant Turnbow testified that he was present in court when the order was made, and he remembers that the testimony then heard showed appellee to be eighteen at

the time. Several witnesses testified that appellee was present when the order was made, and that he was accompanied by his guardian. But the testimony in the record now before us appears to establish the fact that appellee was in Detroit, Michigan, at that time. This circumstance was not brought out as questioning the good faith of the persons who were acting for appellee, but was offered as showing the fallibility of the memory of the witnesses.

The strongest testimony for appellant is that of Mr. Patterson, who testified that he knew what the statutory requirements were, and that he would not have made the order unless those requirements had been met. He did not claim, however, to have any independent recollection on the subject, and he did not undertake to say that he remembered that any witness gave testimony concerning appellee's age. He made the following notation upon the judge's docket: ''Order removing disabilities of minority for the purpose of selling certain interests in real estate, as per precedent.'' The deputy clerk who entered the order testified that no precedent was furnished.

Mr. Patterson testified that he became familiar with the statutory requirements from having assisted in briefing a case which involved the construction of a statute enacted in derogation of the common law. On his cross-examination he mentioned the case, and it is shown that the case referred to was finally disposed of in this court on appeal in 1909. At that time the statute imposed no limitation as to the age of the petitioner, and it was not until the passage of act 256 of the Acts of 1911 (Public Acts 1911, page 251) that the power of courts to remove disabilities of minority was limited to males over eighteen years of age and females above sixteen years of age. Under the law as it stood when Mr. Patterson briefed his case, the court might have made a valid order removing the disabilities of a boy seventeen years old, and the age of the petitioner would have been of importance only insofar as it influenced or controlled the discretion of the court.

It appears that upon the hearing of the matter two attorneys addressed Mr. Patterson, as judge, concerning the exercise of his judicial discretion in making the order, and that each attorney urged that the order be made; but neither of these attorneys testified at the hearing from which this appeal comes. There is testimony that appellee misrepresented his age both in getting into the army and in getting out of it and in negotiating the sale of his interest in the property after the order removing his disabilities had been made; but when all the testimony has been considered, we are unable to say that the court's finding is without testimony legally sufficient to sustain it.

In the case of *Midyett* v. *Kerby,* 129 Ark. 304, we said: "Courts should be cautious in rendering *nunc pro tunc* orders and decrees. The power may be exercised upon parol testimony alone, but the evidence should be clear, decisive and unequivocal. It should be of sufficient character and weight to overcome the written memorial. *Bobo* v. *State,* 40 Ark. 224; *Liddell* v. *Bodenheimer,* 78 Ark. 364; *Murphy* v. *Citizens Bank,* 84 Ark. 100; *Sloan* v. *Williams,* 118 Ark. 593."

In view of the rule quoted and the adverse finding of the court below, we are constrained to affirm the judgment, and it is so ordered.