STUMPFF *v.* LOUANN PROVISION COMPANY.

Opinion delivered February 28, 1927.

1. HIGHWAYS—JURISDICTION OF COUNTY COURT.—Before a village became an incorporated town, the county court had jurisdiction to vacate an old county road and open a new road, under Crawford & Moses' Dig., § 5226, giving the county court power to establish and open new roads and to change and vacate roads.

2. HIGHWAYS—VALIDITY OF ORDER VACATING ROAD—EVIDENCE.—In a suit to enjoin the erection of a house along a former public road which had been vacated by the county court, evidence *held* to sustain a finding that the order vacating the old road and opening a new road, on which a *nunc pro tunc* order was based, was made before the town's incorporation, and that such order was not procured by fraud.

3. HIGHWAYS—ORDER VACATING ROAD—COLLATERAL ATTACK.—A suit to enjoin the erection of a house along the location of a road which had been vacated by an order of the county court is a collateral attack upon a judgment of the county court.

4. JUDGMENT—PRESUMPTION ON COLLATERAL ATTACK.—In a collateral attack upon a judgment of a court of general jurisdiction every presumption will be indulged in favor of the jurisdiction of the court and the validity of the judgment.

5. JUDGMENT—COLLATERAL ATTACK.—As the county court is a court of superior jurisdiction, its judgment, rendered in pursuance of jurisdiction rightfully acquired, cannot be attacked collaterally.

6. HIGHWAYS—COLLATERAL ATTACK ON ORDER VACATING ROAD.—Persons claiming a vested right in' an easement over a public road which had been vacated by order of the county court in the exercise of its jurisdiction under Crawford & Moses' Dig., § 5226, could not enjoin the erection of a building thereon, as such proceeding would be a collateral attack upon the order of the county court.

7. JUDGMENT—EVIDENCE ON COLLATERAL ATTACK.—Though evidence should be clear, decisive and unequivocal to warrant the entry of a *nunc pro tunc* order, the rule does not apply where such an order is collaterally attacked.

8. HIGHWAYS—RELIEF FROM ORDER VACATING ROAD.—Where an order of the county court in the exercise of its jurisdiction vacating an old county road affected vested rights, the remedy of persons aggrieved was by appeal from such order, and not a collateral attack on the order.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy*, Chancellor; reversed.

STATEMENT BY THE COURT.

Prior to the discovery of oil in and near it in 1922, the town of Louann was an unincorporated village. In that year oil was discovered, and the village grew in population rapidly, and, on July 2, 1923, the town was incorporated. The Camden and Louann road, a public highway, passed through the village and ran across 80 acres of land which formerly belonged to O. C. Reeves. Reeves sold about one acre of this tract to appellee, Q. C. Murphy, which acre was situated north of the Missouri Pacific Railroad and north and east of the depot in said town. This Camden and Louann public road passed along to the north of Murphy's property and adjacent thereto. The town of Louann had been platted prior to its incorporation, and one of its streets running north and south was designated on said plat as Main Street, another running east and west was known as Alton Avenue. First Street is a street running north and south and is the second street east of Main Street. H. B. Solmson, trustee, owned all the land east of First Street to the eastern end of Alton Street, on both sides of Alton Avenue, all of which property had been platted as Myar's Addition, and through it passed the Camden and Louann road after crossing First Street to the east end of Alton Avenue. Appellee, Murphy, and appellant, Shirey, owned the remainder of the land on either side of said public road east of Main Street, and in February, 1923, appellant Shirey, appellee Murphy and H. B. Solmson presented a petition to the county court of Ouachita County, asking that the route of the old original public road be changed through their land and that the same be opened along the route known as Alton Street to a width of sixty feet, the petitioners being the owners of all the property on both sides of the old road and on both sides of the location to which the same was sought to be changed. The petition was filed under § 5226 of Crawford & Moses' Digest.

No action on this petition was shown on the records of the county court until September 22, 1924, when the

court entered an order *nunc pro tunc* granting the petition, vacating the old road, and opening as a public road the location as shown on the map or plat as Alton Street from the point where Alton Avenue intersected at the east end the original road, westerly to its intersection with Main Street, as shown on the map. This *nunc pro tunc* order was entered as of the 14th day of March, 1923. After the time when it is said that the order changing the public road was made by the county court, a map of the town of Louann was laid out by appellant Shirey, with Alton Avenue open and the original county road closed. Appellant Shirey and Stumpff owned lots which occupied a part of the old public road, and commenced to build a house thereon. The appellees procured a restraining order preventing the erection of a house on any part of the old public road, and this order was made permanent by a final decree of the court. In the decree the court found that the county court of Ouachita County made a *nunc pro tunc* order on September 22, 1924, as of March 18, 1923, by which it undertook to vacate and change said road; that the order was actually made on March 18, 1923, but was not entered until September 22, 1924, and that there was no fraud in obtaining or making said order nor in the obtaining or making of the *nunc pro tunc* order; that the appellees had vested rights in the easement over said public road, and that the construction of a building thereon would be an obstruction of said road and a violation of the rights of appellees.

From the decree of the court making the injunction perpetual comes this appeal.

*Gaughan & Sifford,* for appellant.

*Thos. W. Hardy,* for appellee.

McHANEY, J., (after stating the facts). The county court had jurisdiction to make the order vacating the old county road and opening same on Alton Avenue. Section 5226 of Crawford & Moses' Digest reads as follows:

"All public roads and highways shall be laid out, opened and repaired agreeably to the provisions of this act, and the county court of each county shall have full

power and authority to make and enforce all orders necessary as well for establishing and opening new roads as for changing and vacating any public road or part thereof.''

It will be seen from the above statement of facts that the chancellor found that the county court did make the order changing and vacating the public road from its then location in the town of Louann and opening same on Alton Avenue, and that this order was entered on September 22, 1924, as of March 18, 1923. Appellees contend that there was no evidence to show that the county court ever made or rendered any judgment in March, 1923, for the reason that the judge's docket and the records of the court do not show such order was made, and they further contend that no evidence was introduced to show that any such order was made at the time the *nunc pro tunc* order was entered. In this appellees are in error, as R. L. Shirey, one of the appellants, states that he moved to Camden about April, 1923, and that he saw Judge Hawkins, the county judge, and asked him what he had done about the road matter, and that the judge told him it had all been settled; that he had granted the petition to change the road, and that he heard no more about it until this suit was filed. After this conversation with the county judge, he commenced the erection of a house on the old road location, on the strength of what the judge had told him.

Q. C. Murphy and T. W. Hardy testified for the appellees to the effect that the county judge had told them, some time in the spring or summer of 1923, that the town of Louann had been incorporated, and that he had nothing further to do with it. We think the court, in view of the facts and circumstances surrounding this case, was justified in finding that the *nunc pro tunc* order was properly made, the original order having actually been made in March, 1923, but not entered until September, 1924, and that there was no fraud in the procuring of the order nor in the entry *nunc pro tunc*. We cannot therefore say

that the finding of the chancellor in this regard was against the clear preponderance of the evidence.

Moreover, this action involves a collateral attack upon the judgment of the county court.

A direct attack on a judgment is usually defined as an attempt to reform or vacate it in a suit brought in the same action and in the same court for that purpose. On the other hand, a collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered, or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio*. *Hooper* v. *Wist,* 138 Ark. 294, 211 S. W. 145; *Cassady* v. *Norris,* 118 Ark. 457, 177 S. W. 10.

In the same case, announcing the well established rule relating to the presumption in favor of the validity of a judgment on collateral attack, the court used this language: "It is well settled in this State that, in a collateral attack upon a judgment of a court of general jurisdiction, every presumption will be indulged in favor of the jurisdiction of the court and the validity of the judgment or decree." *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836; *Clay* v. *Barnes,* 121 Ark. 474, 181 S. W. 303; *Jones* v. *Ainell,* 123 Ark. 532, 186 S. W. 65.

·The county court is a court of superior jurisdiction, and its judgment, rendered in pursuance of jurisdiction rightfully acquired, cannot be attacked collaterally. *Sharum* v. *Meriwether,* 156 Ark. 331, 246 S. W. 501.

. If the appellees felt themselves aggrieved by the action of the county court in entering its *nunc pro tunc* order on September 22, 1924, their remedy was by way of appeal from the finding of the county court on that date that it had, on March 18, 1923, made the order it was then entering. Counsel for appellees cite the case of *Turnbow* v. *Baird,* 143 Ark. 543, 220 S. W. 826, holding: "Courts should be cautious in rendering *nunc pro tunc* orders and decrees; and, while the power may be exercised on parol testimony alone, the evidence should be

clear, decisive and unequivocal," but this refers to the rule of evidence governing the court in determining whether the order or decree in question was actually made, and not the rule to govern the validity of such an order or decree on collateral attack. In other words, this was the correct rule to govern the county court in determining on September 22, 1924, whether it had made the order vacating the old county road and establishing a new road over Alton Street on March 18, 1923, and this would have been the correct rule for the determination of this question on appeal to the circuit court.

If the vacating of the old county road involved the vested rights of the appellees, then they should have appealed from the order of the county court made on September 22, 1924, holding that it had made an order on March 18, 1923, vacating the old road and laying it out anew over Alton Street. Having failed to do so within the time allowed by law, they cannot come into a court of equity and by collateral attack upon the judgment of the county court obtain the relief which should have been sought by appeal.

The result of our views is that the decree of the chancery court was wrong, and that it should be reversed and the cause dismissed, and it is so ordered.