(1) STATE EX REL. ATTORNEY GENERAL v. WILSON.
(2) STATE EX REL. ATTORNEY GENERAL v. KENT.

Opinion delivered April 28, 1930.

684

*Hal L. Norwood*, Attorney General, and *Coleman & Riddick*, for appellant.

*Lemley & Lemley*, *O. A. Graves* and *L. F. Monroe*, for appellees.

BUTLER, J.   As the two cases depend upon the same state of facts, they have been consolidated, the question in both cases being the validity of a sale of a sixteenth section school in Hempstead County, Arkansas.   The sale was ordered and made pursuant to authority contained in §§ 2, 3, 4 and 5 of act No. 344 of the Acts of the General Assembly of 1919, the provisions of which that are material to issues involved are as follows:

"Section 2.   It shall be lawful for the county court of any county in which any permanent school lands and lots, as defined in the preceding section, are situated to order the same sold at public auction by the sheriff in legal subdivisions upon the application of any person who may desire to purchase the same, and who will deposit with the clerk of said court a sum sufficient to pay the costs of the appraisement, the estimate of the timber thereof, if any of commercial value, the survey thereof if one is necessary, and the advertisement and other cost of sale.   Such applicant shall also file a written guarantee that he will bid at said sale at least two and 50/100 ($2.50) dollars per acre, if it is land, the full appraised value if it is lots;   *   *   *

"Section 3.   The county court shall appoint three disinterested householders of said county who are familiar with real estate value to view and appraise said lands and lots, and cause the timber, if any, on said land to be estimated.   Each of said appraisers shall take an oath which shall be filed in said court, that he does not desire or intend to buy said land or lots or any part thereof, and that he will not directly or indirectly be or

become interested in the purchase thereof, at the sale to be made by the sheriff. Said appraisers shall each receive for his services the sum of one dollar and fifty cents ($1.50) per day for each day they are engaged in such services.

"Section 4. The sheriff shall give notice by publication in some newspaper published in the county where the land is situated at least four weeks before the day of sale, that he will sell said land or lots at the courthouse door. Upon the day of the sale the sheriff shall offer the lands or lots at public auction in separate legal subdivisions, if land, and by separate lots, if town lots. * * *

"Section 5. The sheriff shall without delay report all sales to the county court, which may reject or confirm the same. * * * If any sale be rejected the county court may direct the sheriff to again advertise, and offer the land or lots for sale. If the sale be confirmed by the court, the sheriff shall execute and deliver to the purchaser a certificate showing that he has purchased the land, * * *. Upon the presentation of the certificate of purchase to the Commissioner of State Lands, Highways and Improvements, the purchaser of the lands or lots as the case may be, his heirs or assigns shall be entitled to a deed from the said commissioner for the land or lots described in said certificate, and the said commissioner is hereby authorized to make conveyance of any lands or lots sold under and by virtue of this act."

As provided by said act the Arkadelphia Milling Company filed a petition in the Hempstead County Court asking for the sale of section 16, township 13 south, range 25 west, making the deposit and bond required. Pursuant to the petition, the court made an order on the 7th of June, 1920, directing the sale of the land, and appointing appraisers as required, and on the 14th day of July following the sheriff filed his report of the sale with the county court which on September 6, 1920, made

an order approving and confirming the sale which is as follows:

"In the County Court of Hempstead County, State of Arkansas.

"Instrument, report of sale. Date, September 6, 1920. Record Book, County Record Z, at page 37.

"In the matter of the sale of lands in section 16, township 13 south, range 25 west.

"Now on this day is presented to the court the report of R. L. Keel, sheriff of Hempstead County, Arkansas, of his sale of lands located in section 16, township 13 south, range 25 west, in Hempstead County, Arkansas, together with the petition, the report of the appraisers, and the proof of publication filed herein, from which the court finds that a petition in due form of law was presented and approved by the court; that the court appointed three disinterested householders of said county to appraise said lands, who were familiar with real estate values, and to cause the timber on said lands to be estimated, and after subscribing the oath as prescribed by law, said appraisers did view and appraise said lands and estimate the timber thereon as prescribed by law, and afterwards caused their said appraisements to be filed with this court. And the court further finds that the sheriff of Hempstead County did give notice of said intended sale by publication in the manner prescribed by law, at least four weeks before the day of sale, and that upon the day advertised for said sale at the courthouse door of said county in separate tracts of 40 acres each between the hours of ten o'clock in the forenoon and three o'clock in the afternoon, and at said sale so had and made by said sheriff, the following parties became the purchasers of said lands at the prices set opposite their respective names, to-wit: * * * and it further appearing to the court that the price received for said land was adequate and not less than the market value thereof and more than two dollars and fifty cents per acre, and that said sale should be in all things confirmed and approved by the court.

"It is therefore ordered, considered, and adjudged by the court that said sale so made by the sheriff be and the same is hereby in all things approved by the court, and the sheriff of Hempstead County is hereby ordered to issue to each purchaser of said lands a certificate of purchase, to the end that they may receive a deed for same as in such cases provided by law."

On the 18th day of April, 1929, the appellant filed this complaint in the Hempstead Chancery Court against J. H. Kent, the original purchaser of four of the 40's of the said sixteenth section, and by amendment later the subsequent purchasers of land from Kent were made parties to the suit. In this complaint it was alleged that the sale of the land to Kent and the order of the court confirming the sale were void, and it prayed for cancellation of the deed from the Commissioner of State Lands to Kent, and for cancellation of deeds from Kent to those holding under him, and for judgment for the value of timber cut and removed from the land.

The defendants (appellees) interposed a demurrer, which demurrer was sustained, and from the order sustaining same plaintiff (appellant) appealed to this court. Subsequently plaintiffs filed a petition for a writ of certiorari in the Hempstead Circuit Court in which it prayed that the judgment of the county court confirming the sale to defendant Kent be declared to be void. To this petition the subsequent purchasers were made parties defendant on their petition, and the purchasers of the remaining eight 40-acre tracts were also made parties defendant on that petition. Thereupon, all of the parties defendant demurred to the petition for certiorari, which demurrers were sustained by the court. An appeal was prosecuted therefrom, which, as before set out, has been consolidated in this court with the chancery court proceedings.

The contention of plaintiff in the court below and here is that the sale and judgment of the county court is void, (1) because the appraisers did not take the oath

of office required by law; (2) the appraisers did not file the oath in the county court as required by law; (3) the appraisers did not file the appraisement in the county court as required by law; (4) each tract of land and the timber thereon were sold for less than one-fourth of the market value thereof as ascertained by the appraisers; and (5) the county court in its confirmation order did not find that the market price received for the land sold was the market value as shown by appraisement.

A county court acting within the powers conferred by the Constitution and statutes is a court of superior jurisdiction, and, where by statute special powers have been conferred and such special powers exercised judicially, its judgment cannot be impeached collaterally except for want of jurisdiction or errors apparent on its face. *Stumpff* v. *Louann Prov. Co.,* 173 Ark. 192, 292 S. W. 106; *Bragg* v. *Thompson,* 177 Ark. 870, 9 S. W. (2d) 24. But when the act under such powers is ministerial only and not judicial, its decision must be regarded as that of a court of limited and special jurisdiction, and in such cases all of the facts essential to the exercise of the special jurisdiction must appear upon the face of the record. *Morris* v. *Dooley,* 59 Ark. 483, 28 S. W. 30, 430.

Under the statute quoted *supra,* it will be noted that the sale is one made when ordered by the court, and is not consummated until the proceedings have been reviewed and confirmed by it. It will, therefore, be seen that the court in ordering and confirming the sale was acting judicially and not ministerially, and therefore the effect of its judgment is that of a court of superior jurisdiction, and where it has acquired the jurisdiction all who may claim an interest in the land are concluded by the judgment, valid on its face, unless they have assailed it by a direct proceeding in the action or by appeal. *Reeves* v. *Conger,* 103 Ark. 446, 147 S. W. 438.

This court has often held that where jurisdiction is conferred on a court by special statute which is to be

exercised in a special manner therein prescribed, the record of such court must show the facts essential to give the court jurisdiction, otherwise no presumption as to its jurisdiction will be indulged. The statute in such cases must be strictly pursued, and the jurisdiction must be made to appear in the mode pointed out by the statute. But such cases have no application here.

The essential fact to give the court jurisdiction in the instant case was the filing of the petition asking for sale, which fact is shown by the recitals in the judgment, and is conclusive of the jurisdiction. As this was a judicial sale, it was not essential that all of the facts necessary to the validity of the sale be shown of record, but the court had jurisdiction to inquire concerning these matters. Upon the presentation of the report of sale, the county court was empowered to inquire into the proceedings in order to determine whether the statutory requirements had been observed, and the confirmation is conclusive as to all such matters upon collateral attack unless the contrary affirmatively appears in the judgment itself. *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836; *Clay* v. *Barnes,* 121 Ark. 474, 181 S. W. 303; *Jones* v. *Ainell,* 123 Ark. 532, 186 S. W. 65.

Except in those cases where an attack upon the judgment is authorized by statute, it is necessary, in order to constitute a direct attack upon a judgment, that some step be taken to impeach its validity in the action itself, such as by appeal taken from it or by motion to vacate or modify on account of some irregularity; any other is a collateral attack. This action is a collateral attack.

The first three reasons assigned by appellant for contending that the sale and judgment of the court was void was that the appraisers did not take the oath required by law, and did not file the oath in the county court as required by law, and did not file their appraisement. These were irregularities which were cured by the confirmation of the sale, for the doing of none of these acts was necessary to give the court jurisdiction,

but were incident only to the conduct of the proceeding which the court must be presumed to have inquired into, and determined that they were done in compliance with the statute.

In § 1 of the act there is a provision that no State school land shall be sold for less than two dollars and fifty cents ($2.50) per acre, nor for less than the market value, which value shall be ascertained by appraisement. It is insisted, as the fourth reason given why the sale is void, that this provision of the statute was not complied with, as the land was not sold for its market value as shown by the appraisers, and, lastly, that the judgment is void because the court did not find that the price received for the land sold was the market value "as shown by appraisement."

We think the recital in the judgment, "And it further appearing to the court that the price received for said land was adequate and not less than the market value thereof, and more than two dollars and fifty cents ($2.50) per acre," in the judgment was sufficient. The market value was the essential fact, the appraisement merely being the evidence by which that fact was established, and we must presume on collateral attack that the finding was based on proper evidence. Appellant insists that the requirement of a sale for the appraised value is jurisdictional, and cites a number of cases to the effect that the sale of land and the order confirming the sale is void where the land does not bring the amount required by the statute. In those cases, however, the statute expressly made such sales void, which the statute under consideration does not do, and, also, there is nothing in the judgment of the court in the instant case to indicate that the value named was not received. As we have seen, granting that a sale for the appraised value was necessary, unless the fact was not shown by the judgment itself, no advantage could be taken of it in this action. The proceeding for the sale of the school land was an action *in rem,* jurisdiction of the subject-

matter having been obtained by the filing of the petition, and the finding of the court, acting in a judicial capacity, that the land was sold for its market value was tantamount to a finding that the requirements of the statute had been met. *Reeves* v. *Conger, supra.*

Where a judgment is sought to be impeached upon collateral attack, the only question that can be inquired into on which an examination of matter extraneous to the judgment itself can be made is to determine whether the court had jurisdiction of the person or subject-matter of the suit, and where this is found, other questions affecting the validity of the judgment must be determined from it alone. The appellant takes the position that the court is not limited to an examination of the judgment record alone in determining whether the judgment is void, but may look to other parts of the record which may contradict the recitals of the judgment. To sustain this view, appellant cites *Gregory* v. *Bartlett*, 55 Ark. 30, 17 S. W. 344; *McClain* v. *Duncan*, 57 Ark. 49, 20 S. W. 597; *Champion* v. *Williams*, 165 Ark. 328, 264 S. W. 972; *Quertermous* v. *Bilby*, 144 Ark. 101, 221 S. W. 856; *Van Etten* v. *Daugherty*, 83 Ark. 534, 103 S. W. 837; but all those were cases where such an examination was permitted for the purpose of determining the jurisdiction of the court with respect to the person or the subject-matter.

We have found no declaration of this court that would warrant the conclusion that on collateral attack, where the court is shown to have had jurisdiction, its judgment can be impeached by controverting its recitals by evidence *aliunde.*

It follows that the chancery court properly sustained the demurrer to the appellant's complaint, and that the action of the circuit court in sustaining the demurrer to the petition for writ of certiorari was also correct. We have uniformly held that the writ of certiorari (in cases where an appeal might have been prosecuted) will lie only where the examination of the judgment itself

shows it void on its face.  *Cazort* v. *Road Imp. Dist.* 175 Ark. 570, 299 S. W. 1014; *McCrory Special Sch. Dist.* v. *Curtis,* 174 Ark. 343, 295 S. W. 971; *Kenyon, Excr.,* v. *Gregory,* 127 Ark. 525, 192 S. W. 887.

As appellant has shown no reason for his failure to appeal, and, as we have seen, the judgment of the court is regular on its face, and not void, it follows that in case No. 1524 the decree of the chancery court and in No. 1525, the judgment of the circuit court, must be affirmed, and it is so ordered.